PAYNE, *Plaintiff in Error*, v. O'SHEA *et al.*

1. **Judgment:** FRAUD : EQUITY.    A judgment, whether foreign or
domestic, may be set aside in equity for fraud.

2. ——— : ——— : ———.  The fraud, however, must be in the pro-
curement of the judgment and not merely fraud in the cause of
action on which the judgment was founded and which could have
been interposed as a defence, unless its interposition as such de-
fence was prevented by the fraud of the other party.

3. **Accident:** MISTAKE: JUDGMENT.  Accident or mistake, unmixed
with negligence, may, in a proper case, afford ground in equity for
vacating a judgment.

4. **Set-off.**  An individual debt cannot be set-off against a partnership
demand.

5. **Attachment** : JUDGMENT IN : LIABILITY ON.  The doctrine that a judg-
ment in an attachment proceeding creates no personal liability
against the defendant, at least outside of the state where rendered,

84    129
100   320
B     129
101   157
39a   381
B     129
102    43
102   207
84b   199
135   489
70a   475
84b   129
139   685
84b   129
148    58
150   652
84b   129
f156  588
84    129
Case 2
90a   512
84    129
Case 2
97a  ²696
99a  ²534

applies only where the proceeding is strictly *in rem*, and not where there was personal service of process on defendant or appearance by him.

6. ——— : GENERAL JUDGMENT, WHEN. A judgment in an attachment proceeding against a defendant who has personally appeared to the action, should be a general one and not a special one against the property attached.

7. Constable : UNREASONABLE LEVY : REMEDY. An action at law on a constable's bond affords an adequate remedy for seizure of unreasonable excess of property in making a levy.

8. A demurrer in this case to the petition, in which it was sought to enjoin the enforcement of a judgment, *held* properly sustained and the petition rightly dismissed.

*Error to Jackson Special Law and Equity Court.*—HON. R. E. COWAN, Judge.

AFFIRMED.

*Frank Titus* for plaintiff in error.

(1) The O'Sheas should not be permitted in equity to obtain payment of their debts as they have done in this case, and then exclude the same from consideration in computing the amount, if any, which may be due them from Payne on final settlement. (2) The Kansas judgment rendered before a justice by attachment was merely a judgment *in rem*, and no personal judgment could be properly rendered against defendant therein on appeal to the district court. 2 Dassler Kas. Stats. (1876), p. 680, sec. 222 ; *Sanford v. Sheppard*, 14 Kas. 231 ; *Kansas Pac. Ry. v. Streeter*, 8 Kas. 133 ; *North v. Moore*, 8 Kas. 143 ; *Pennoyer v. Neff*, 95 U. S. 714 ; *Wilson v. Jackson*, 10 Mo. 329 ; Freeman on Judgments, secs. 564, 566. (3) A bill in equity will lie to stay proceedings on judgment of another state. High on Injunc., sec. 159, p. 97 ; *Wilson v. Robertson*, 1 Overton (Tenn.) 266 ; *Engel v. Scheurman*, 40 Ga. 206 ; *Payne v. Loudon*, 1 Bibb (Ky.) 518 ; 10 The Reporter, p. 36. (4) That the action of said Allen, justice, in excluding the facts offered in evidence by defendant, Payne, showing the want of

jurisdiction and contradicting the judgment of the Kansas court, and the other facts of Payne's claim against the plaintiffs therein, was improper and inequitable, and such facts should have been permitted to be considered by the jury. See *Mastin v. Gray*, 19 Kas. 458; *Hall v. Lanning*, 91 U. S. 160; *Thompson v. Whitman*, 18 Wall. 468; *Eager v. Stover*, 59 Mo. 87; *Ward v. Quinlivin*, 57 Mo. 425; *Marx v. Fore*, 51 Mo. 69. (5) That the facts and allegations stated in plaintiff's bill, and admitted by defendants, show clearly a fraudulent intent on the part of both said O'Sheas to deprive Payne of his rights, legal and equitable, and a persistent effort on their part to make him pay again the sum they had ordered him to pay once, and well warrant the interference of a court of equity as prayed for. See *Carolus v. Koch*, 72 Mo. 645; *Ritter v. Dem. Press Co.*, 68 Mo. 458; High on Injunctions, sec. 118; *Green v. Haskell*, 5 R. I. 449; *Oakely v. Young*, 2 Halst. Ch. 453; *Sauer v. City of Kansas*, 69 Mo. 46; 2 Story on Eq., sec. 887.

*Dunlap & Freeman* for defendants in error.

(1) The plaintiff having personally appeared and defended the attachment suit in the Kansas court, it properly rendered a general judgment against him. *Boxum v. Reed*, 73 Mo. 461; *Kritzer v. Smith*, 21 Mo. 296; *Jones v. Hart*, 60 Mo. 351. (2) Appearance to a cause is presumptively equivalent to process and service. *Eldred v. Bank*, 17 Wall. 552; *Landes v. Brant*, 10 How. (U. S.) 348. Freeman on Judgments (3 Ed.) 566. (3) It is not denied that equity may enjoin a judgment. But it will not enjoin a judgment when the effect would be to re-try the issue in equity, nor will it enjoin a judgment when the matters complained of have been fully tried as a defence at law, even though the court may be of the opinion that such defence should have been sustained at law. High on Injunctions (1 Ed.), sec. 96, p. 61. Where the person aggrieved has had an oportunity of interposing his defence at law and has had his day in court, he

cannot afterwards make it the ground for relief in equity, and is barred from enjoining proceedings under the judgment. High on Inj. (1 Ed.), secs. 97, 99, 100, 102, 103, 104. Nor will equity interfere where the claim is that the judgment is absolutely void on account of the want of jurisdiction in the court in which the proceedings were had. High on Inj. (1 Ed.), sec. 131. Where a court of law has first obtained jurisdiction of the subject matter a judgment will not be enjoined on the ground of set-off, which might have been interposed in defence of the legal action. *Id.*, sec. 136 ; also, *Simpson v. Hart*, 1 Johns. Ch. 97, where Kent, Chancellor, says : "Where courts of law and equity have concurrent jurisdiction over a question, and it receives a decision at law, equity can no more re-examine it than the courts of law in a similar case could re-examine a decree of a court of chancery." (4) No matter what the equities of this case might be, the bill on its face shows, and the fact is, that Payne tried to set up in the trials in the court of law, as a set-off against the partnership account, judgments in his favor against an individual member of the firm. Equity will not interfere in such a case. Besides, the court of law correctly ruled when it rejected such set-offs, and this court would not interfere if this were an appeal from such ruling instead of a bill to enjoin a judgment. *Weil v. Jones*, 70 Mo. 560; *Lamb v. Brolaski*, 38 Mo. 51; Story on Part. (6 Ed.), sec. 395.

RAY, J.—This case was tried and determined in the special law and equity court of Jackson county, upon a demurrer to the petition which was in the nature of a bill in equity to enjoin and restrain defendants from enforcing a certain judgment, obtained by them, before a justice of the peace, and asking further for an accounting and settlement between the parties. The demurrer was sustained, and the bill dismissed, and in due time and manner the complainant, Payne, brought the case here by writ of error.

It seems that in 1874, complainant, Payne, had a

contract for the purchase of an ice house and contents, situated in Jackson county, Missouri, with the defendant, Chas. O'Shea.' Thereafter, he was summoned as garnishee, and judgment, amounting in the aggregate to $100, obtained against him as such, in four several and separate actions, by various plaintiffs, against Chas. O'Shea and said Thomas O'Shea individually. Thereafter, the said O'Sheas sued Payne before a justice of the peace, in the state of Kansas, by attaching certain ice in that state belonging to Payne, and finally obtained judgment therein in the district court of Kansas against Payne for $116. The cause of action, therein alleged, was an indebtedness of Payne to the O'Sheas, as partners, for ice sold under said contract. Afterwards, in 1880, the O'Sheas brought suit on said Kansas judgment before Allen, a justice of the peace in Kaw township, Jackson county, Missouri, and obtained a judgment thereon and took out execution thereunder. The defendant, Boothe, to whom said execution was directed as constable, levied the same upon the property specified. Thereupon, this complainant instituted the present injunction proceedings. Material parts of the bill and the fraudulent conduct of defendants, complained of in connection with these transactions and proceedings, will be noticed and considered in the further progress of this opinion.

In this state a proceeding in the nature of a bill in equity will lie to enjoin and avoid a domestic judgment obtained through fraud, and like remedies exist and may be resorted to against judgments obtained in other states, when sued on in this state. Freeman on Judg., sec. 561: High on Inj. (2 Ed.) sec. 69. The fraud, however, for which a judgment will be enjoined must be in the procurement of the judgment. And courts of equity will not vacate or enjoin a judgment merely based upon a cause of action which may be vitiated by fraud, for this is a valid and meritorious defence, which may be interposed, and unless its interposition is prevented by fraud of an adversary, as was the case in *Ward v. Quinlivin*, 57 Mo. 426, it cannot be asserted against a judgment,

either foreign or domestic. Accident or mistake, we may add, unmixed with negligence, may also furnish, in proper cases, further ground for this relief. If we read and construe the allegations of the bill now before us correctly, the grounds of complaint are, that on the garnishment proceedings against Payne, in the several and separate causes of action against Chas. O'Shea and Thomas O'Shea individually, the O'Sheas acted in such manner as to induce him to believe that they were not partners, which complainant says they were not in law or fact; and that thereafter, while they, as well as Payne, were citizens of Missouri, they began said attachment suit in Kansas, alleging falsely therein that they were partners, with the intention of thereby shutting out such legal and equitable set-offs, as he had acquired against them by virtue of payments made and liability incurred under said proceedings in garnishment. As to whether the O'Sheas were partners or not, the complainant, Payne, has been heard, or at least has had two opportunities to be heard in the trials before the justice in Kansas and in the district court of that state. And, even if we are to regard this matter as timely and proper at this stage of the proceedings, the facts averred in the bill do not strike us as sufficient to show that they pretended to a contrary capacity at the time of complainant's answers as garnishee, or that they fraudulently induced or procured his answer therein to be made. It is alleged and admitted, that previous to the making thereof, Chas. O'Shea, with whom alone the ice contract had, in the first instance, been made, informed complainant that Thomas O'Shea was, also, interested with him in said ice contract and the contents thereof. The information thus given is not inconsistent with their subsequent action in suing as partners in said action in Kansas. It is entirely consistent and in harmony therewith. The fact that Chas. O'Shea was present and did not object to Payne's answers is not, we think, significant of fraud or bad faith on his part. For what reason or purpose should he object to Payne's answers that Payne owed them about $262

on the ice account? Complainant says in his bill, he knows not whether he was liable under the law and facts to the O'Sheas severally on said judgment in garnishment or not; and it may well have been that O'Shea was, at that time, laboring under a like doubt as to the law in that behalf and was silent, for that reason.

We do not see that there was, on the facts alleged, any fraud, accident, or mistake in fact, inducing Payne to make his said answers, or that the O'Sheas were responsible for the rendition of the judgments, whether the same are to be held valid, or irregular and unauthorized, and not binding upon the complainant, or not. And, further, if the O'Sheas were not partners, and falsely assumed to be such in Kansas, for the alleged purpose, the effect of this was simply to affect their cause of action there with that vice. But this does not affect the judgment with fraud, which was obtained upon a trial where both parties were present by attorneys and where the contention between them, among other things, must have been over these facts. The O'Sheas, at least, did not by fraud, or otherwise, prevent a hearing upon these matters in the Kansas courts, nor is it so averred or claimed. The complainant had the benefit of his set-offs arising under said judgments in garnishments on the trial, in the justice's court in Kansas, where they were allowed, but was deprived thereof by the ruling in the district court, where they were held inadmissible, against the partnership demands of the O'Sheas. Even if this ruling were incorrect, it would furnish no ground for the interference of a court of equity as the remedy for the improper exclusion of evidence or defences, is to correct the same on appeal, which was not done by complainant. The same set-offs, etc., were again offered in evidence and excluded by the justice of the peace in Missouri in the suit on the Kansas judgment. The rule prevails in this state, that individual debts cannot be set-off against partnership accounts and demands, and we would now be compelled to so hold, if the cause were

now before us on appeal from the judgment of the justice in that behalf, instead of being here in its present form. *Weil v. Jones*, 70 Mo. 560 ; *Lamb v. Brolaski*, 38 Mo. 51. The plaintiff has had his day in court to interpose his said set-offs, defences, and counter-claims, and has not availed himself of his remedy to revise the decision thereon, either by appeal or otherwise, and whether the same was correct or not, the effect of injuring the judgment for that reason, would be, we think, simply to re-try the issue in equity, which is not allowable.

It is further contended by appellant, that the action of Allen, the justice in Missouri, in excluding the evidence offered to show the want of jurisdiction, and to contradict the Kansas judgment, was inequitable and improper. When a foreign judgment is sued on in this state, it is true the question of jurisdiction may be open to inquiry, in some instances and for some purposes. It has been held, for example, that a recital of appearance therein may be contradicted, by showing the appearance was by an unauthorized attorney, and this is the ground upon which the decision in *Eager v. Stover*, 59 Mo. 87, was placed. In the case before us, however, the fact of defendants' appearance by attorney is not disputed, nor is it averred that said attorney was not authorized to appear and defend the action in complainant's behalf. That complainant was a non-resident of Kansas is immaterial, if he authorized said attorney to appear for him, for in that event he would be bound by a judgment otherwise properly rendered against him. The O'Sheas, although citizens of Missouri, as alleged, could institute in person or by attorney, proceedings by attachment in the foreign jurisdiction where they found property of their debtor, and they would, also, become liable for any judgment against them therein. The allegations in the bill that complainant was never served with summons or process is, also, immaterial, and for a similar reason, because it is clear, as we think, that complainant has sub-

mitted himself to the jurisdiction of the Kansas courts, and this appearance and submission of his person, and taking the chances of verdicts and judgments in his favor there, are now binding upon him.

It is, also, further contended that, as plaintiff was, never served with summons or other legal process, the judgment of the Kansas district court, on appeal from the justice's court in the attachment suit, being a general one instead of one *in rem*, was unauthorized and void. Both in Kansas and Missouri proceedings in the nature of judgments *in rem* do not generally create any personal liability, but operate on the property attached, and are not generally considered to constitute, at least beyond the state where rendered, a cause of action against the defendant therein. Freeman on Judg., sec. 436; *Kane v. Cook*, 8 Cal. 449; *Banta v. Wood*, 32 Iowa 473. The doctrine is maintained in cases where there is no summons and no personal appearance by the parties, and where the jurisdiction acquired has been wholly obtained by the constructive service of the attachment. Apart from the jurisdictional inquiries, the question before us as to the Kansas judgment is, what is its effect in Kansas, for this is the effect to which, under the constitution of the Union, it is entitled in this state. If valid there, it is valid here, aside, at least, from questions of fraud in its procurement, and it is void here, or merely irregular and voidable here, as it may be the one or the other in that state. In the case now under consideration, we do not understand that the seizure of the property in the attachment is used as a service of process on the defendant, so as to authorize a personal judgment in said cause; but, that said judgment, if otherwise not invalid, is based in that behalf upon the jurisdiction acquired by the voluntary appearance of the defendant therein.

The Kansas judgment set out in plaintiff's bill is a general one for the recovery of $105, the amount of the verdict and for costs, upon which execution therefor is ordered to issue. Such a judgment is, we think, not

void, and if irregular, erroneous, and voidable, this was error appearing on the face of the proceedings and record, which the court would have corrected on application and motion of the party, or which could have been revised on appeal. In this state a judgment in attachment against a defendant who has appeared to the action, should be a general one, and not a special one against the attached property. *Borum v. Reed*, 73 Mo. 461; *Kritzer v. Smith*, 21 Mo. 296; *Jones v. Hart*, 60 Mo. 351.

As to the matters alleged, as to the defendant, Boothe, and the levies made by him as constable, it may be proper and sufficient for us to say that, while such officers may generally exercise their judgment and discretion as to the sufficiency of their levies, yet they may be held liable upon their bond, or otherwise, for unfairness and unreasonable excess, as well as for any other oppressive conduct or abuse of power. In this case, the property seized by the officer was retained by the defendant under a forthcoming bond, and while the amount of property, if we accept its value as alleged, seems large, we presume only enough is intended to be sold to satisfy the execution, and for any wrongful or oppressive acts in this particular plaintiff is not without adequate remedy at law. Some of the matters complained of are not harmful or prejudicial to the defendants, such as, the levy on property or interests not belonging to the defendants. If the officer has seized on property not subject to such executions, this affects the validity of said levy as to such property only.

Upon consideration of the whole case, we are not prepared to say that the trial court erred in sustaining said demurrer and dismissing the bill, and its judgment is, therefore, affirmed. All concur, except Sherwood, J., who expresses no opinion.