## BURNETT v. MCCLUEY, *Appellant.*

1. **Civil Practice:** ATTACHMENT: AFFIDAVIT. In an action commenced by attachment, one affidavit stating all the facts necessary to procure a writ of attachment and an order of publication, will be sufficient for both purposes.

2. ———: ———: DEFECTIVE AFFIDAVIT, WHEN SUFFICIENT TO CONFER JURISDICTION. An affidavit for an attachment which states that the defendants are not residents of the state, but does not state the plaintiff had a just demand against the defendants, and the amount due plaintiff, after allowing all just credits and set-offs, is not so fatally stated as to fail to confer jurisdiction on the court, and the proceedings rendered thereunder are not nullities subject to collateral attack. (*Bray v. McCluey*, 55 Mo. 128, and *Burnett v. McCluey*, 78 Mo. 676, overruled).

3. ———: ———: ———. Such affidavit contains sufficient facts to permit its amendment, is amendable, and the courts can no more hold a judgment thereunder a nullity than they could declare a judgment void in a collateral proceeding, because founded on a defective petition.

4. **Attachment Suit:** JUDGMENT: IRREGULARITY. In an attachment suit where there is no personal appearance, the judgment should be against the attached property, with a special execution thereon. But where the judgment entered is a general one, with a general execution, and the property levied upon and sold is only that actually seized under the attachment writ, the errors will not render the sale and deed void in a collateral proceeding.

*Appeal from Dade Circuit Court.* — HON. CHAS. G. BURTON, Judge.

REVERSED.

*N. Gibbs* for appellant.

(1) The judgment of the Dade circuit court, in the cause of the *Merchants' Bank of St. Louis v. John N. Ferguson and Marshall G. Stephens*, was not void, and the sheriff's deed thereunder should have been admitted

in evidence, and appellant's first declaration of law should have been given, and respondent's seventh should have been refused. *Kane v. McKoun*, 55 Mo. 181–200; *Freeman v. Thompson*, 53 Mo. 183; *Gilkeson v. Knight*, 71 Mo. 403–405; *Cooper v. Reynolds*, 10 Wall. 308–316–17–19. Also all the authorities cited under the second point in this brief. (2) The only objection urged against the judgment in said attachment is that the affidavit was insufficient. As the affidavit is by statute made amendable, the judgment could, at the worst, only be voidable, and being voidable only, the sheriff's sale thereunder passed the title. Appellant's first declaration should have been given, and the seventh for respondent should not have been given. *Musgrove v. Mott*, 90 Mo. 107; *Sloan v. Mitchell*, 84 Mo. 546–548; *Hardin v. Lee*, 51 Mo. 241–244–245; *Massey v. Scott*, 49 Mo. 278–280–281; *Henderson v. Drace*, 30 Mo. 358–364; *Rosenheim v. Hartsock*, 90 Mo. 307; *Moore v. Mauck*, 79 Ill. 391–393; *Kruse v. Wilson*, 79 Ill. 233–237; *Rogers v. Cooper*, 33 Ark. 406; *Matthews v. Densmore*, 109 U. S. 216. (3) The two affidavits in the case of the *Merchants' Bank*, etc., *v. Ferguson et al.*, taken together, are a substantial compliance with our attachment law. 1 R. S., 1855, pp. 238 and 240, secs. 1 and 6. (4) The former majority decision of this court in this case, *Burnett v. McCluey*, 78 Mo. 676–689, and the majority decision in *Bray v. McCluey*, 55 Mo. 128, holding the judgment in the *Merchants' Bank*, etc., *v. Ferguson et al.* void, is in direct conflict with other decisions of this court, and should be overruled, and judgment rendered for the appellant, in this court.

*Hoskinson & McClure* for respondent.

The judgment in the case of *Merchants' Bank of St. Louis v. John N. Ferguson and Marshall G. Stephens* was void, and the sheriff's deed conveyed no title,

(1) because no affidavit for attachment was made. *Bray v. McCluey*, 55 Mo. 128 ; *Hargadine v. Van Horn*, 72 Mo. 370 ; *Burnett v. McCluey*, 78 Mo. 676. (2) A general judgment on order of publication and no appearance of the defendants is void. *Abbott v. Sheppard*, 44 Mo. 273 ; *Smith v. McCutchen*, 38 Mo. 415.

BLACK, J.—This was an action of ejectment for the undivided half of three hundred and twenty acres of land in Dade county. Both parties claim title from John N. Ferguson, who died in 1868. The plaintiff put in evidence a deed from the widow and heirs of Ferguson, dated January 13, 1875.

The defendant put in evidence a sheriff's deed, dated April 28, 1866, upon which he relies for title.

To defeat the sheriff's deed the plaintiff read in evidence the petition, judgment, execution, and proceedings upon which it was based ; and from which it appears that, on the fifth of August, 1865, the Merchants National Bank commenced a suit in the Dade circuit court against John N. Ferguson and Marshall G. Stephens. The petition declares upon a bill of exchange which is fully set forth. Appended to the petition are the following affidavits :

"Joseph Estes, attorney for the plaintiff, makes oath and says the matter and statements contained in the foregoing petition he believes to be true.

"JOSEPH ESTES.

"State of Missouri, ⎱ ss.
"County of Dade. ⎰

"This affiant states that the within named defendants, Marshall G. Stephens and John N. Ferguson, are non-residents of the state of Missouri to the best of his knowledge and belief.

"JOSEPH ESTES,
"Attorney for Plaintiff.

"Subscribed and sworn to before me this fifth day of August, A. D., 1865.

"B. Appleby, Clerk,
"By Nelson McDowell, Deputy."

Upon these papers the clerk issued a writ of attachment, by virtue of which the sheriff seized the lands in question. The clerk also made an order of publication notifying the defendants among other things that their property had been attached. The defendants made no appearance to the suit, and two judgments by default were rendered, both on the third of November, 1865. The first is a judgment for the amount found to be due to be levied of the attached property which is described, and the other is simply a general judgment. The docket shows that the suit was entitled civil action by attachment. General execution was issued on the twenty-sixth of January, 1866, under which the sheriff levied upon the attached lands, and none other, and sold the same to defendant. The deed made by the sheriff to the defendant is regular on its face.

The court, at the request of the plaintiff, declared the law to be that the sheriff's deed was void because made under proceedings in attachment, without any affidavit therefor. This instruction presents the controlling question in the case. The question of the validity of this deed has been before the court on two former occasions; first in *Bray v. McCluey*, 55 Mo. 128; and next in *Burnett v. McCluey*, 78 Mo. 676, which was the first appeal in the present case. On both occasions the deed was held to be invalid, but always by a divided court. From the opinion of Judge Adams, in the first case, it will be seen that he regarded an affidavit for an attachment as essential, as jurisdictional, without which the judgment, on publication of notice only, would be void, and that there was no affidavit for attachment in the case, and that the affidavit filed was simply one for an order of publication. Had he regarded the affidavit as one filed for an attachment also, it is probable he

would have reached a different conclusion, for he says : " As there was no affidavit at all filed for the purpose of suing out the attachment, it is unnecessary to discuss the question whether a defective affidavit could be amended so as to sustain the attachment. In my judgment that could be done." The other judges, who reached the conclusion that the deed was void, did so evidently, not upon the ground that there was no affidavit filed for the purpose of suing out an attachment, but because the affidavit filed was not in substantial compliance with the statute.

The first question is, was there any affidavit at all filed for the purpose of suing out the writ? We place no reliance upon what appears to be a verification of the petition. By the statute, the affidavit for an attachment (1 R. S., 1855, p. 240, sec. 6) should state that the plaintiff has a just demand against the defendant, the amount due after allowing all credits and set-offs, and that the affiant has good reason to believe and does believe in the existence of one or more of the causes which would entitle the plaintiff to an attachment. There are thirteen of these causes, one of which is non-residence of the defendant. An affidavit of non-residence will also entitle the plaintiff to an order of publication. Sec. 23. The law does not require these affidavits to be labeled for the one or the other purpose. One affidavit stating all the facts necessary to procure a writ of attachment and an order of publication will be sufficient for both purposes. Now the record shows that the clerk did make the order of publication and issue the writ of attachment on this affidavit, and it cannot be said there was no affidavit at all filed for the purpose of suing out the writ. There was then an affidavit used for the purpose of issuing the writ. It is defective in that it does not state that the plaintiff had a just demand against the defendants, and does not state the amount due after allowing all just credits and set-offs.

The question then is, is the judgment to be treated as a nullity when assailed collaterally, in the face of the fact that defendants were duly and properly notified by publication, and in face of the further fact that the property was seized and brought into the custody of the court, by a writ of attachment, formal on its face. In *Kane v. McCown*, 55 Mo. 194, the judgment was assailed because the clerk failed to designate the newspaper in which the order of publication in an attachment suit was to be published, but it was held that, though the omission was error, yet it did not destroy the judgment in a collateral proceeding. That a judgment which is not void, but merely voidable, cannot be assailed in a collateral proceeding, is so well understood that a further citation of authorities is not required. The affidavit for an attachment may be amended by express authority of the statute. 1 R. S., 1855, p. 254, sec. 53 ; *Henderson v. Drace*, 30 Mo. 358 ; *Musgrove v. Mott*, 90 Mo. 107. Judicial proceedings which are amendable are not void. *Hardin v. Lee*, 51 Mo. 241. *Booth v. Rees*, 26 Ill. 45, was an action of trespass, and with respect to the affidavit for an attachment, it was said : "Where it contains the names of the parties, the amount of indebtedness, and specifies any of the statutory grounds for issuing the writ, however defectively stated, or if it shall contain some of the statutory requirements and omits others, it may be amended. * * * Whilst this affidavit was defective, it was not void, and can only be attacked in a direct proceeding, and is sufficient to protect those acting under it." See, also, *Moore v. Mauck*, 79 Ill. 391.

Here the affidavit is attached to the petition, and is to be read in connection with it, so far as to ascertain the name of the plaintiff and the court in which the suit is pending. The affidavit is sufficient in these respects, and it also sufficiently states the ground of attachment, *i. e.*, non-residence of defendants. It would seem that

the cause for the attachment is the most material averment, for it is that only which could be put in issue by a plea in abatement. Whether the plaintiff had a just demand, and if it had, then how much was due, were facts which could not be put in issue on such a plea, for that would be pleading to the merits of the case, which is not allowed on a plea in abatement. *Cannon v. McManus*, 17 Mo. 345. The conclusion is irresistible that there is enough of the affidavit in this case to amend by, that such an affidavit is amendable, and that we can no more declare the judgment a nullity than we could declare a judgment void in a collateral proceeding, because based upon a defective petition. We think this view of the case was not well considered in the case of *Bray v. McCluey, supra*. The conclusion here reached cannot overthrow, but tends to the stability of titles and judicial proceedings, and for that reason we have the less hesitancy in asserting it. Authorities are cited which go much farther in support of these attachment judgments, but the facts of this case do not call for a discussion of them.

There is nothing in this record to show that the first judgment is marked on the margin of the record thereof, "erroneous." But let it be assumed that this judgment had been set aside by a proper order of the court, and the general judgment entered; still the judgment would not be void. Regularly there should have been a judgment to be levied of the attached property, and a special execution issued thereon. But as the property levied upon and sold was that, and only that, actually seized by the writ of attachment, these are but errors which do not render the sale, and deed made thereunder, void in this proceeding. *Massey v. Scott*, 49 Mo. 278.

The judgment is reversed, and a judgment will be entered here for the defendant. All concur.