SILAS W. NORTON, Appellant, v. JEFFERSON FLAKE, Administrator, Respondent.

Kansas City Court of Appeals, May 20, 1889.

Attachment : AMENDMENT OF AFFIDAVIT FOR, AGAINST TENANT : JURISDICTION. In an attachment proceeding under the landlord and tenant act after the first affidavit has been adjudged insufficient, because it failed to state "that he believes unless an attachment issue he would lose the rent," and plaintiff promptly offers to file a good and sufficient affidavit, the court has no discretion to disallow the filing of such amended affidavit ; and the right to amend seems to exist, whenever the affidavit specifies any of the statutory grounds for issuing the writ, however defectively stated, the object of the statute being in cases where there is a defect of jurisdiction on account of some departure to allow an amendment and thus perfect the jurisdiction. But the right or power of amendment can not be invoked where there is nothing conferring jurisdiction, but only where it is defectively acquired.

*Appeal from the St. Clair Circuit Court.*—HON. D. P STRATTON, Judge.

REVERSED AND REMANDED (*with directions*).

*John H. Lucas*, for the appellant.

(1) The respondent relies solely and alone on the decision in *Chamberlain v. Heard*, 22 Mo. App. 416. That case was specifically called to the attention of the St. Louis court of appeals in *Hazeltine v. Ausherman*, 29 Mo. App. 451 and not regarded as a jurisdictional objection. See also the same case in the supreme court, 87 Mo. 413, where the very same question was presented, and notwithstanding the objection, the court reversed the case and sent back for new trial. *Garroutte v. White*, 92 Mo. 237. (2) Plaintiff was entitled to amend. *Carr v. Moss*, 87 Mo. 447; *Burnett v. McCluey*, 92 Mo. 230; *Musgrove v. Mott*, 90 Mo. 110. The case should be reversed and remanded.

*W. O. Mead, Geo. A. Neal* and *F. Childs*, for the respondent.

(1) The affidavit upon which the writ of attachment is based fails to state the jurisdictional fact that "he believes unless an attachment issue he would lose his rent," and for that reason did not confer jurisdiction in attachment and authorize the issue of the writ, and was properly so held by the trial court. *Chamberlain v. Heard*, 22 Mo. App. 416. (2) The subject of contention by defendant is a failure of plaintiff to comply with an indispensable condition to the issue of summary process against defendant's property. The writ and its levy must depend for their binding force upon the authority conferred upon the officer to issue it, and he only has such authority by virtue of the sufficiency of the affidavit. Jurisdiction to perform past acts can not be conferred by amendments. 1 Wade Attach., sec. 72;

*Owens v. Johns,* 59 Mo. 89. (3) When there is a defect of the affidavit for attachment going to the jurisdiction of the court, the defendant may object to further proceeding under the attachment, and it will not avail the plaintiff to amend or tender a sufficient affidavit, after the same is adjudged insufficient and void; and advantage may be taken of an affidavit which is so defective as to not confer jurisdiction at any stage of the proceeding. 1 Wade Attach., sec. 73; *Owens v. Johns, supra.* (4) Under section 3091, Revised Statutes of Missouri, 1879, no writ of attachment can issue without an affidavit in which the affiant shall swear "that he believes unless an attachment issue he would lose his rent," and unless the affidavit states that jurisdictional fact, it is no affidavit at all, and there is nothing to amend. In the case of *Burnett v. McCluey,* 92 Mo. 230, there was an affidavit stating defectively grounds of attachment, that does not touch the points involved in this case. The remaining authorities, on which the plaintiff relies in support of his right to amend, have no application to the sufficiency of an affidavit in attachment under the landlord and tenant act, which is a special act and is only governed by the general law in regard to attachment in the absence of provisions in the landlord and tenant act. In the case of *Hazeltine v. Ausherman,* 87 Mo. 413, referred to by plaintiff, as criticising *Chamberlain v. Heard,* 22 Mo. App. 416, there was no question as to the sufficiency of the affidavit, nor does the court refer to or criticise the case of *Chamberlain v. Heard.*

SMITH, P. J.—This was an action by attachment brought in the circuit court of St. Clair county by the plaintiff against Marion Flake, who has died since the commencement of the action, the defendant as his administrator has been substituted as a party defendant in his stead, to recover rent. There was a plea in abatement filed to the affidavit for the attachment.

At the trial the defendant objected to the introduction of any evidence by the plaintiff for the reason that the affidavit upon which the attachment had been issued conferred no jurisdiction on the court to hear and determine the cause, which objection was by the court sustained, and thereupon the plaintiff by leave obtained for that purpose filed an amended affidavit, which on motion of the defendant the court struck from it files, and rendered judgment dismissing the attachment.

The plaintiff after an unsuccessful motion for a new trial prosecuted his appeal from said judgment here.

The only difference between the previous and the subsequent affidavits was that in the latter were contained these words, viz.: "That the affiant believes unless an attachment issued he would lose his rent." It seems conceded that all the other essential elements required by the statute in an affidavit for an attachment for rent were contained in the previous affidavit upon which the attachment issued, and upon which the parties went to trial. The only question which we have to decide is as to the propriety of the action of circuit court in striking from its files the subsequent or amended affidavit or, which is in effect the same thing, in refusing to allow the plaintiff to file it in the cause. It is provided by section 3092 of the statutes relating to landlords and tenants that in all attachments issued thereunder the proceedings shall be the same as provided by law in suits by attachment. Section 432 of the attachment law provides that in cases not especially provided for by this chapter 6, all pleadings and proceedings in attachment causes shall conform to and be governed, as near as may be, by the laws regulating practice in civil cases. And section 3567, Revised Statutes, provides that the court may at any time before final judgment in furtherance of justice and in such terms as may be proper amend any record, pleading, process or entry * * * when the amendment does not change substantially the claim or defense, etc.

Section 445 of the attachment law provides that attachments in courts of record or before justices of the peace may be dissolved on motion made on behalf of the defendant at any time before final judgment in the following cases : "*First*, when the affidavit on which the same is founded shall be adjudged insufficient ; but no such attachment shall be dissolved in such cause if the plaintiff file a good and sufficient affidavit to be approved by the court in such time and such manner as the court shall direct ; such affidavit may embrace the same ground of attachment as set forth in the previous affidavit or any other grounds or both at the option of the affiant."

Upon the construction to be placed upon these statutory provisions must depend the decision in this case. Under the practice and procedure in attachment suits which formerly prevailed in this state the courts were disposed to require great strictness, but since the decision in *Tevis et al. v. Hughes*, 10 Mo. 241, it has been uniformly held that the statutes relating to attachments are remedial and should be construed liberally, and also that the statutes authorizing amendments apply to actions by attachment. *Middleton v. Frame*, 21 Mo. 412.

It seems to us that not only are the provisions of the practice act, already referred to, sufficient to have justified the trial court in allowing the amendment of the affidavit to have been made on terms, but that the provisions of section 445 expressly interdicted the dismissal, as the plaintiff had offered to file a good and sufficient affidavit at the time the previous affidavit had been held insufficient.

It would seem that this statute under any reasonable interpretation can not be held to limit the power and right of amendment to cases where the affidavit is sufficient in substance but defective in form, for it plainly and explicitly provides that when it is "adjudged by the court insufficient" the attachment shall not be dissolved "if the plaintiff shall file a good and sufficient

affidavit." In his subsequent affidavit he may not only set forth the grounds of his previous affidavit, but other grounds. We take it that the meaning of this is that the plaintiff in such subsequent affidavit may, if he can, alter, change, or modify the statement of the grounds of his former affidavit so as to overcome the objections upon which it was adjudged insufficient.

The defendant's contention is that the first affidavit being insufficient to confer jurisdiction, that it could not be amended. It may be well questioned whether the first branch of this contention is true, and if so whether or not the broad and comprehensive provisions of the statute do not authorize in express terms the exercise of the power of amendment in such case. The statute in terms has made no distinction as to the power of amendment of affidavit for attachment.

It has not limited the exercise of the power to any particular class of cases. In *State ex rel. Crain v. Lyon et al*, 51 Mo. 114, it was held that a justice of the peace, who has under this statute precisely the same power with respect to amendments of affidavits for attachment as courts of records, may after judgment on an attachment suit allow an amendment of an affidavit to be made so as to authorize the seizure of the property otherwise exempt. The correctness of this ruling so far as we have been able to find has never been questioned.

The questions as to the sufficiency of affidavits to confer jurisdiction have generally arisen in proceedings collaterally attacking judgments rendered thereon and in such cases the question is sometimes very close and of great nicety, but in cases like this, where the proceeding is an original one, no reason appears why they should scan so narrowly the affidavit when it is sought simply to amend it. The object of the law no doubt is in cases where there is a defect of jurisdiction on account of some departure from the direction of the statute in the proceeding to allow an amendment and thus perfect the jurisdiction.

Of course the right or power of amendment can not be invoked where there is absolutely nothing conferring jurisdiction, but only where it is defectively acquired. This seems to be the rule in this state. In *Burnett v. McCluey*, 92 Mo. 230, it was held that where an affidavit for an attachment stated that the defendants were not residents of this state, but did allege that the plaintiff had a just demand against the defendants and the amount due plaintiff, after allowing all just credits and set-offs, was not so fatally stated as to fail to confer jurisdiction, and that the judgment was not open to collateral attack on that ground; and that the affidavit was amendable.

Here all the essentials of the affidavit for the attachment appear except the statement that the " plaintiff believes unless the attachment issue he will lose his rent."

The omission here is not materially different from what it was in the case just cited. The analogy is so close that the cases are not to be distinguished, and the principle upon which that case was decided we think should dominate in this.

In *Burnett v. McCluey*, it was said quoting approvingly from *Booth v. Rees*, 26 Ill. 45, that where an affidavit for an attachment "contains the names of the parties to the amount of the indebtedness and specifies any of the statutory grounds for issuing the writ, however defectively stated, or it shall contain some of the statutory requirements and omit others, it may be amended; * * * this affidavit was defective; it was not void." And a similar ruling was made by the supreme court in *Musgrove v. Mott*, 90 Mo. 109.

The rule just stated outlines pretty clearly under what conditions and circumstances an affidavit for an attachment may be amended and its application to the facts of the case at bar demonstrates the error of the trial court in refusing to allow the amendment to remain on file.

The case of *Owens v. Johns*, 59 Mo. 90, cited by defendant is distinguishable from this case in that there, there was not a defective affidavit, but no affidavit at all upon which the writ issued. Nor is it perceived that *Chamberlain v. Heard*, 22 Mo. App. 416, can in anywise be likened to this case—and therefore it lends no support to the defendant's contentions. In disposing of the question in this case we may as expressing our convictions borrow the remarks of Judge HENRY in *Carr v. Moss*, 87 Mo. 448, "that the statute in relation to amendments is liberal, and the courts should be at least as lenient and liberal in such matters as the statute."

We are not disposed to interfere with the trial courts in the exercise of the discretion with which the statute has invested them, except when there has been a manifest abuse, etc.

In this case we think the court in refusing to allow the plaintiff to file his amended affidavit unsoundly exercised its statutory discretion. We think this was a case where the allowance of the amendment would have been in furtherance of justice. But aside from this we are of the opinion that inasmuch as the plaintiff, when his first affidavit was adjudged insufficient, promptly offered to comply with the conditions prescribed in section 445 that the court had no discretion to disallow the filing of the subsequent affidavit. It results from the foregoing observations that the judgment of the circuit court be and the same is hereby reversed, and the cause remanded with directions to the circuit court to allow the plaintiff to file his amended affidavit for the attachment and the defendant to plead thereto. All concur.