L. MAURER, Respondent, v. C. A. PHILLIPS et al., Appellants.

Springfield Court of Appeals, July 10, 1914.

1. **JUSTICES OF THE PEACE: Pleadings: Formality Not Required.** Formal pleadings in a justice court are not necessary.

2. ———: ———: **Suit on Note: Sufficiency of Statement.** In an action on a promissory note brought in a justice of the

peace court, the filing of the note is a sufficient statement of the cause of action.

3. **ATTACHMENT: Personal Service: Appearance Entered: Jurisdiction.** In a suit by attachment where the defendant is personally served or enters his appearance, the jurisdiction of the court is not dependent on the process of attachment.

4. ————: **Jurisdiction of Person or Property: Regularity of Attachment Process: Important When.** In a suit by attachment the court must have jurisdiction of either the person or property of the defendant, but either is sufficient. The regularity of the attachment process becomes of absolute importance where the court's jurisdiction is dependent on the grasp of the defendant's property.

5. ————: **Personal Service: Entering Appearance: Regularity of Proceedings.** In an attachment case where the defendants are personally served or enter their appearance, no matter how defective the affidavit, the proceedings will be valid, the rights acquired thereby depending not upon the attachment for their validity, but upon the judgment which will bind not only the attached property but other property of the defendant.

6. ————: **Affidavit in: Liberality as to Amendment.** An attachment should never be dissolved on account of the insufficiency of the affidavit when the plaintiff is willing to make and file a new and sufficient affidavit. An affidavit in attachment may be amended almost without limit. (Citing Sec. 2341, R. S. 1909.)

7. ————: **Affidavit: Defect in: How Waived.** In an attachment proceeding plaintiff amended his affidavit and defendants moved to strike out the amended affidavit on the ground that it stated a new cause of action. The motion being overruled, defendants filed a plea in abatement and proceeded to trial. They thereby waived any alleged departure from the original cause of action.

Appeal from Barton County Circuit Court.—*Hon. B. G. Thurman,* Judge.

AFFIRMED.

*Scott & Bowker* and *J. B. McGilvray* for appellants.

(1) The amended affidavit is a complete change of the cause of action tried before the justice of the

peace. An affidavit in an attachment suit is the basis of the cause of action, so far as the plea in abatement is concerned. R. S. 1909, Secs. 2296, 2298 and 2299; Durnin v. Waddington, 12 Mo. App. 145; Thieman v. Goodnight, 17 Mo. App. 429; Faulkner v. Faulkner, 73 Mo. 327; Deyerle v. Hunt, 50 Mo. App. 541; Scoville v. Glasner, 79 Mo. 449; Webb v. Tweedie, 30 Mo. 488; Clark v. Smith, 39 Mo. 498; Beattie v. Hill, 60 Mo. 72; Slaughter v. Davenport, 151 Mo. 26. (2) The amended affidavit was a substitution of a new cause of action for that tried in the justice court. It is no more permissible for a party to bring a suit before a justice of the peace on one cause of action and recover on another than it is in a court of record. Turner v. McCook, 77 Mo. App. 196; St. Louis Trust Co. v. Real Estate Co., 82 Mo. App. 260; Greene v. Crutcher, 143 Mo. App. 595; Griswold v. Haas, 145 Mo. App. 578; Rundleman v. O'Brien Boiler Works, 161 S. W. 609. (3) Since the court never acquired under the law jurisdiction of the subject-matter, consent of parties can not confer same. Bray v. Marshall, 66 Mo. 122; Baker v. Railroad, 36 Mo. 543; Field v. Mohey, 78 Mo. 176.

*Van Pool & Martin* and *Edwin L. Moore* for respondent.

(1) The amendment, if it may be called an amendment, was proper and for the promotion of justice. Section 1848, R. S. 1909; Slaughter v. Davenport, 151 Mo. 32; Hackett v. Van Frank, 119 Mo. App. 648; Com. Co. v. Milling Co., 136 Mo. App. 368; Merriman v. Springfield, 142 Mo. App. 508; Harvey v. Lambert, 156 Mo. App. 271; Pickel Stone Co. v. McClinton, 160 S. W. 834. (2) But even if not proper, the defendants, after the adverse ruling on their motion to strike out the amended affidavit in attachment, should not have filed a plea in abatement and gone to trial. They

thereby waived their motion. The cases holding this are legion. Henderson v. Drace, 30 Mo. 358; Scovil v. Glasner, 79 Mo. 454; School Dis. v. Wallace, 75 Mo. App. 322; Grymes v. Mill Co., 111 Mo. App. 362; Anderson v. Railroad, 129 Mo. App. 387; Finer v. Nichols, 158 Mo. App. 544; Castleman v. Castleman, 184 Mo. 440; Blanchard v. Dorman, 236 Mo. 443; Fortney v. Lime Co., 158 S. W. 860; Pickel Stone Co. v. McClinton, 160 S. W. 834. (3) In a suit upon a note before a justice no statement is necessary, and if one is filed it should be ignored. Section 7412, R. S. 1909; Rhea v. Mfg. Co., 81 Mo. App. 406; Conn. Co. v. Orr, 150 Mo. App. 708.

STURGIS, J.—This suit was commenced in a justice of the peace court in Barton county, Missouri, by plaintiffs filing therein two promissory notes executed by the defendants for $77, each. One of these notes is payable to plaintiff, L. Maurer, and the other to one D. K. Griffin. It appears that plaintiff and Griffin had at sometime been partners and it is likely that these notes grew out of the partnership business. It is admitted that D. K. Griffin had been dead for some years and that the partnership business had been long since fully settled. Just how plaintiff came to have the Griffin note is not disclosed. In aid of a suit thus commenced, the plaintiffs filed an affidavit for attachment, alleging several of the statutory grounds and containing the allegation that plaintiffs will be in danger of losing their claim unless the attachment be levied on Sunday. In the caption of this affidavit the plaintiffs are designated as "Maurer & Griffin, a firm composed of L. Maurer and D. K. Griffin." It is alleged therein that plaintiffs have a just demand against the defendants, the amount of which is alleged to be $200. It appears that a change of venue was taken to another justice of the peace, where the defendants appeared and filed a motion to dismiss the cause for

the reasons that the justice has no jurisdiction; that the papers disclose two separate causes of action belonging to separate individuals; that there is no such firm as Maurer & Griffin; that the firm of Maurer & Griffin has long since been dissolved and the partnership affairs settled up and the firm assets divided; that D. K. Griffin is dead and plaintiffs are not the personal representatives of said Griffin; that two causes of action have been improperly joined. This motion was sustained in the justice court, judgment of dismissal entered and the plaintiff appealed the case to the circuit court. The justice's transcript shows that after the motion to dismiss was filed in his court, plaintiff asked leave to amend by striking out the name of D. K. Griffin, because it is conceded he is dead, and to leave the suit pending in the name of L. Maurer on the one note payable to him for $77, but the justice refused to permit any amendment and sustained the motion to dismiss.

When the case reached the circuit court, the plaintiff filed an amended affidavit for attachment wherein he, L. Maurer, is the sole plaintiff. This affidavit contains the same grounds for an attachment as the one filed in the justice court but alleges that the plaintiff, L. Maurer, has a just demand against the defendants amounting to $77. Thereupon the defendants filed a motion to strike out the amended affidavit for the reason that said affidavit is a complete change of the cause of action tried before the justice of the peace. This motion was overruled. Thereupon the defendants filed their plea in abatement putting in issue the grounds of attachment alleged in the amended affidavit. Thereafter, such proceedings were had resulting in the attachment being sustained and a judgment in favor of the plaintiff on the one note payable to plaintiff. The defendants appealed to this court and the sole error complained of is that the trial court erred in refus-

ing to sustain their motion to strike out the amended affidavit in attachment.

The appellants rely on the proposition that the filing in the circuit court of the amended affidavit for attachment worked a complete change in the cause of action by reason of striking out the name of D. K. Griffin, as plaintiff, and substituting the name ·of L. Maurer, as sole plaintiff instead of Maurer & Griffin, a firm composed of L. Maurer and D. K. Griffin. It is urged that as the same cause of action must be tried in the circuit court as was tried in the justice court, such change of the cause of action is not permissible. This is a misconception of the proceedings had in this cause. Formal pleadings are not necessary in a justice court and the notes filed with the justice were themselves a sufficient statement of the cause of action. It is said in Rhea v. Mfg. Co., 81 Mo. App. 400, 406, that: "It was the note (represented by the copy), that furnished the foundation of the suit and not the petition; the latter was not necessary and was unauthorized by the section of the statute, supra, and should be ignored." In a suit by attachment, where the defendant is personally served or enters his appearance to the action, as was done in this case, the jurisdiction of the court is not dependent on the process of attachment. The court must have jurisdiction of either the person or property of the defendant, but either will suffice. Where the court's jurisdiction is dependent on its grasp of the defendant's property, then the regularity of the attachment process becomes all important. [Johnson v. Gilkeson, 81 Mo. 55; Hargadine v. Van Horn, 72 Mo. 370; Bray v. McClury, 55 Mo. 128; Burnett v. McCluey, 92 Mo. 230, 4 S. W. 694, and other cases cited by appellants.] But, where there is personal service or personal appearance by defendant, then the attachment proceedings is purely ancillary and in aid of the suit. The only office of the attachment in such cases is to hold in *custodia legis* and

thereby conserve the property of defendant as against any act of his pending the litigation. The cause proceeds to trial and judgment in the usual way, resulting in a general, not special, judgment and if the attached property be levied on and sold to satisfy the same it is by virtue of the execution and not the attachment. [Jones v. Hart, 60 Mo. 351; Philips v. Stewart, 69 Mo. 149; Maupin v. Lead Mining Co., 78 Mo. 24; Payne v. O'Shea, 84 Mo. 129, 137.] In an attachment case, "where a defendant is personally served with process or voluntarily appears to the action, the proceedings, however *defective the affidavit* or writ, will be valid, and the rights acquired thereby will not depend upon the attachment for their validity, but upon the judgment, which will bind not only the attached property but other property of defendant." [Donnell v. Byern, 80 Mo. 332, 334.]

The striking out of the amended affidavit for attachment could have had no greater effect than the releasing of the attached property from the custody of the law pending this action, even if it would have had that effect. The cause of action would have proceeded to judgment, whatever action might have been had on the motion to strike out, and the attached property would still have been subject to levy and sale under execution if it could yet be found as defendants' property. It cannot be claimed, therefore, that the amended affidavit in attachment had anything to do with the cause of action, much less to have made a complete change therein.

We have a statute, section 1850, Revised Statutes 1909, which provides that: "The court shall, in every stage of the action, disregard any error or defect in the pleadings or proceedings which shall not affect the substantial rights of the adverse party; and no judgment shall be reversed or affected by reason of such error or defect." It is said in Henderson v. Drace, 30 Mo. 358, 363, that an attachment should never be dis-

solved on account of the insufficiency of the affidavit when the plaintiff is willing to make and file a new and sufficiént affidavit; and such is the effect of our statute, section 2341, Revised Statutes 1909, governing attachment proceedings. This implies that affidavits for attachments may be amended almost without limit. [Claflin v. Hoover, 20 Mo. App. 314; Norton v. Flake, 36 Mo. App. 698; Mackey v. Hyatt, 42 Mo. App. 443; Burnett v. McCluey, 92 Mo. 230, 235, 4 S. W. 694; Avery v. Good, 114 Mo. 290, 21 S. W. 815.]

Should we regard the affidavit for attachment as being in the nature of a statement of the cause of action for the purpose of sustaining the attachment and the plea in abatement as an answer thereto, then it would follow that as the defendants did not stand on their motion to strike out but filed their plea in abatement and went to trial, thus putting in issue the new cause of action for attachment, then defendants must be held to have waived any alleged departure from the original cause of action. [Anderson v. Railroad, 129 Mo. App. 384, 387, 108 S. W. 605; Grymes v. Lumber Co., 111 Mo. App. 358, 362, 85 S. W. 946; Muir v. Railroad, 168 Mo. App. 542, 544, 154 S. W. 877.]

Courts should be liberal in allowing amendments. When care is taken to see that the opposite party is given time to meet any new allegations or issues made by any change in the pleadings, the objections to allowing amendments therein are generally found, to be purely technical and tending to defeat rather than promote justice. In this case the amended affidavit in attachment was filed to meet the objections of defendants that the two notes filed showed two separate causes of action, one of which was not in favor of plaintiff. The plaintiff then abandoned his right to recover on the one note not payable to him and filed the amended affidavit in attachment covering the one note which is payable to him. The action of the trial

court in permitting this to be done is approved and the judgment will be affirmed.

*Robertson, P. J.,* concurs.  *Farrington, J.,* concurs.