LEE SHELTON, Respondent, v. C. C. SMITH, Appellant.*

Springfield Court of Appeals, January 7, 1924.

1. **ATTACHMENT: Plaintiff Could Allege in Affidavit as Many Grounds for Attachment as he Desired.** A plaintiff had the right to allege in attachment affidavit as many grounds for attachment, under Revised Statutes 1919, section 1725, as he desired.

2. ———: **Affidavit for Attachment Held Sufficient in a Justice of the Peace Court.** An affidavit for attachment on a printed form containing all grounds of attachment in the same order and language as in Revised Statutes 1919, section 1725, from which certain grounds and certain words in other grounds had been stricken out, *held* sufficient in a justice of the peace court.

3. ———: **Affidavit Signed by Plaintiff's Attorney, Though Plaintiff was Named as Affiant, Held Subject to Amendment in Circuit Court.** Where defendant appeared in the justice court and contested both the attachment and the cause on the merits, and thereafter appealed to the circuit court from judgment for plaintiff, the circuit court could permit amendment of the affidavit for attachment, naming plaintiff as affiant, but signed by plaintiff's attorney, under

Shelton v. Smith.

Revised Statutes 1919, section 1730, such affidavit being merely defective and not a nullity.

*Headnote 1.   Attachment, 6 C. J. section 208;   2.   Justices of the Peace, 35 C. J. section 174;   3.   Justices of the Peace, 35 C. J. section 543.

Appeal from the Circuit Court of Dunklin County.—
Hon. W. S. C. Walker, Judge.

AFFIRMED.

*James V. Billings* for appellant.

(a) An affidavit of attachment is jurisdictional and a matter of record (part of the record proper).   Secs. 1730, 2975, R. S. 1919; Norman v. Horn, 36 Mo. App. 419; Third Nat'l Bank v. Garton, 40 Mo. App. 113; Bray v. McClury, 55, Mo. 128, 133.   (b) Objection that petition fails to state a cause of action may be raised for the first time upon appeal.   Peltze v. Eichele, 62 Mo. 171; Hoffman v. McCracken, 168 Mo. 337; LaCrosse Lumber Co. v. Railway, 197 Mo. App. 546.   (c) Error appearing on the face of the record, the appellate court will review it, though appellant filed no motion for new trial or in arrest of judgment.   Dysart v. Crow, 170 Mo. 275; State ex rel. v. Carroll, 101 Mo. App. 110.   (d) The paper filed for an attachment was no affidavit, as required by law. Bryant v. Duffy, 128 Mo. 18; Norman v. Horn, 36 Mo. App. 419; Third Nat'l. v. Garton, 40 Mo. App. 113; Poe v. Western Buyers' Ass'n, 238 S. W. 547; Hargadine v. Van Horn, 72 Mo. 370.   (e) The alleged affidavit was not made nor signed by the proper person, nor in person by him, and is totally void.   It purports to have been made by "Lee Shelton and says that the plaintiff, Lee Shelton . . ." and is signed by "George Smith, Attorney for plaintiff for and on behalf of plaintiff, Principal." Secs. 1730, 2975, R. S. 1919; McKey v. Hyatt, 42 Mo. App. 443; Owens v. John, 59 Mo. 89; Godman v. Gordon, 61 Mo. App. 685; Gilkeson v. Knight, 71 Mo. 404; Johnson v. Gilkeson, 81 Mo. 55; Alexander v. Haden, 2 Mo.

228; Hargadine v. Van Horn, 72 Mo. 370. (f) The alleged affidavit actually charges no grounds of attachment whatsoever, and is a total nullity. (See certified copy of alleged affidavit.) If any are held to be alleged, then it is void because of repugnance. Poe v. Western Buyer's Ass'n, 238 S. W. 547; Hinkle v. Lovelace, 204 Mo. 208, 6 C. J. 135. (g) The writ of attachment is totally void for want of proper affidavit properly signed. Third Nat'l. Bank v. Garton, 40 Mo. App. 113; Burnett v. McCluey, 78 Mo. 676; Hargadine v. Van Horn, 72 Mo. 370; Bray v. McClury, 55 Mo. 128. (h) No jurisdiction to support judgments, no valid affidavit nor writ of attachment, no valid attachment of property, and no service in person. Sec. 2987, R. S. 1919, and all authorities cited, supra.

*George Smith* for respondent.

No brief filed for respondent.

BRADLEY, J.—Plaintiff proceeded by attachment in a justice of the peace court, and on trial in the justice court the attachment was sustained and judgment given on the merits in favor of plaintiff. Defendant appealed to the circuit court, but failed to serve notice of the appeal as required by statute, and the judgment of the justice was affirmed for failure to give said notice. From the judgment affirming the judgment of the justice defendant appealed.

Defendant relies upon alleged fatal defects in the affidavit for attachment, and has brought up only the record proper. This affidavit was made upon a blank sometimes kept by a justice of the peace. After the caption the affidavit proceeded in the usual form as follows: "This day personally appeared before me, G. W. Richardson, a justice of the peace within and for the county of Dunklin aforesaid, Lee Shelton, and says that the plaintiff, Lee Shelton, has a just demand against C. C. Smith, defendant, and that the amount which the affiant believes plaintiff ought to recover, after allowing all just

credit and setoffs, is one hundred and twenty dollars, now due, and that he has good reason to believe and does believe that the defendant, C. C. Smith," etc. Here follows what was intended to be allegations covering all of the fourteen grounds for attachment, except the second, eleventh and twelfth. There were printed upon the blank used all of the fourteen grounds for attachment in the same language, and in the same order as they appear in section 1725, Revised Statutes 1919. The words "where the defendant" were stricken from the first to the tenth inclusive, except the second ground was stricken out entirely. The eleventh and twelfth grounds were stricken entirely out, and in the thirteenth the words "where the defendant has failed to pay the" were stricken, and in the fourteenth the word "where" was stricken. The affidavit was signed "George Smith, attorney for plaintiff for and on behalf of plaintiff." The jurat of the justice follows and is in the regular form.

Defendant contends that this purported affidavit is a nullity. This contention is based on two grounds. First, that there are no grounds for attachment alleged, and, second, that it is not signed and sworn to by the alleged affiant.

Plaintiff had the right to allege in the affidavit as many grounds for attachment as he desired (Sauerwein v. Champagne Co., 68 Mo. App. 29), and evidently attempted to allege eleven grounds. If the affidavit as to the grounds for attachment be read with the stricken words omitted, as was evidently intended, the first ground would be correctly alleged, and the following grounds except the thirteenth and fourteenth, would be substantially correct. If the affidavit were rewritten with the stricken portions omitted, the connection and punctuation would not be a model to be recommended, but would, we think, be sufficient as to allegations for grounds of attachment in a justice of the peace court.

The second ground of attack on the affidavit is that it is not signed and sworn to by the alleged affiant. The affidavit states that Lee Shelton, the plaintiff, is the affiant. "George Smith, attorney for plaintiff for and on

behalf of plaintiff" signed and swore to the affidavit. The affidavit may be made by a plaintiff or some person for him. [Sec. 1730, R. S. 1919.] It appears in the record that defendant appeared in the justice court and contested both the attachment and the cause on the merits, and thereafter appealed to the circuit court. In Maurer v. Phillips, 182 Mo. App. 440, 168 S. W. 669, the sufficiency of an affidavit in attachment commenced in a justice of the peace court was challenged. In that case the affidavit filed in the justice court named "Maurer & Griffin, a firm composed of L. Maurer and D. K. Griffin" as plaintiffs. It was alleged in the affidavit that plaintiffs had a just demand, etc., against the defendants. A change of venue was taken to another justice where the defendant appeared and filed a motion to dismiss on the ground that there was no such firm as Maurer & Griffin. The motion was sustained and judgment of dismissal entered, and the cause appealed to the circuit court. In the circuit court an amended affidavit was filed in which L. Maurer was named as the sole plaintiff. A motion was made to strike the amended affidavit, which motion was overruled. The defendant thereupon filed his plea in abatement putting in issue the grounds of attachment alleged in the amended affidavit. The cause finally reached this court, and the only question was the correctness permitting the amendment. The contention here was that by the amendment the cause of action was completely changed. Judge Sturgis, speaking for this court, said: "In a suit by attachment, *where the defendant is personally served or enters his appearance to the action,* (Italics ours) as was done in this case, the jurisdiction of the court is not dependent on the process of attachment. The court must have jurisdiction of either the person or property of the defendant, but either will suffice. Where the court's jurisdiction is dependent on its grasp of the defendant's property, then the regularity of the attachment process becomes all important. [Johnson v. Gilkeson, 81 Mo. 55; Hargadine v. Van Horn, 72 Mo. 370; Bray v. McClury, 55 Mo. 128; Burnett v. McCluey, 92 Mo. 230, 4 S. W. 694, and other cases cited by

appellants.]    But, where there is personal service or personal appearance by defendant, then the attachment proceedings is purely ancillary and in aid of the suit. The only office of the attachment in such cases is to hold *in custodia legis* and thereby conserve the property of defendant as against any act of his pending the litigation.    The cause proceeds to trial and judgment in the usual way, resulting in a general, not special, judgment and if the attached property be levied on and sold to satisfy the same it is by virtue of the execution and not the attachment.    [Jones v. Hart, 60 Mo. 351; Philips v. Stewart, 69 Mo. 149; Maupin v. Lead Mining Co., 78 Mo. 24; Payne v. O'Shea, 84 Mo. 129, 137.]''

In Donnell v. Byern, 80 Mo. 332, the court says: ''Where a defendant is personally served with process or voluntarily appears to the action, the proceedings, however defective the affidavit or writ, will be valid; and the rights acquired thereby will not depend upon the attachment for their validity, but upon the judgment, which will bind not only the attached property but other property of defendant.''

Defendant in the case at bar relies upon Norman v. Horn, 36 Mo. App. 419, and Third National Bank v. Garton, 40 Mo. App. 113, and cases of like import.    In those cases, and in all others where the affidavit was held to be a nullity, there was in fact no affidavit of any kind. In the Norman Case the affidavit recites that ''Horn & Hughes'' appeared before the justice, and the purported affidavit was signed ''Horn & Hughes.''    Service was by publication, and there was no appearance.    It was held that there was in fact no affidavit of any kind.    The affidavit was not signed by the *affiant* or any one else. In the Third National Bank Case the purported affidavit was not signed at all, and there was no jurat.    Both were blank.    In that case the purported affidavit was held to be a nullity notwithstanding the appearance of the defendant.    But in both of these cases, and the others relied on, there was *nothing* to amend.    The purported affidavits were no more than blank pieces of paper.    In the case at bar the affidavit was in fact signed by the

*affiant,* and the jurat is regular. The one who made and signed the affidavit had the right to make such affidavit for the plaintiff. The only thing irregular in this respect is that the body of the affidavit recites that it was plaintiff, Lee Shelton, who appeared before the justice, instead of reciting the fact that George Smith, attorney for plaintiff appeared, etc. The case at bar is clearly distinguishable on the facts from the Norman Case and the Third National Bank Case. While we think that on the facts of each case the Norman Case and the Third National Bank Case were correctly decided, yet we think that the majority opinion in the Third National Bank Case on the motion for rehearing accorded less importance to *appearance* than was accorded to the same subject in Donnell v. Byern, supra, and in a number of subsequent cases.

Under the facts we hold that the affidavit in the case at bar was merely defective and not a nullity, and was therefore subject to amendment in the circuit court. It is stated in Maurer v. Philips, supra, that an attachment should not be dissolved on account of a defective affidavit when the plaintiff is willing to make and file a sufficient one, and the court then says: "This implies that affidavits for attachments may be amended almost without limit." Since the affidavit was subject to amendment the judgment sustaining the attachment was not void. There is no question raised as to the judgment on the merits.

The judgment below should be affirmed, and it is so ordered. *Cox, P. J.,* and *Farrington, J.,* concur.