CHARLES P. TRAUB & another *vs.* WESTON F. MILLIKEN & another.

If a foreign factor sell merchandise in his own name, without disclosing his principal, and receive, in part-payment therefor, his own check and the balance in money, the principal cannot recover the price for the goods thus sold, in an action of assumpsit against the vendees, if they had no knowledge of their vender's representative character.

ON REPORT.

ASSUMPSIT on an account annexed to the writ, of the following tenor :

Messrs. W. & C. R. Milliken,

Jan. 3d, 1867.  Bought of Traub, Parkinson & Co.,

64 boxes sugar, . . . . . . . . . . . . $2950.20.

After the evidence was all in, the case was continued on report, —the court to enter such judgment as the law and evidence required.

The remaining facts sufficiently appear in the opinion.

*J. & E. M. Rand*, for the plaintiffs, cited Story on Agency (6th ed.), § 413; *Kinder* v. *Shaw*, 2 Mass. 398; *Parsons* v. *Webb*, 8 Greenl. 38; *Sternermann* v. *Cowing*, 7 Johns. Chan. 275; Story on Agency, §§ 78, 103, a (3).

*Shepley & Strout*, for the defendants.

TAPLEY, J. On the 3d day of January, 1867, the defendants purchased of one Hosea I. Robinson a quantity of sugar and paid therefor, in part by his own check which they held, and in part by cash paid for duties due upon the sugars.

The plaintiffs now claim to recover pay of the defendants for the same, alleging that they are the owners, that Robinson was their agent, and that being such, he had no power to sell and receive in payment therefor a debt of his own.

From the evidence reported, it appears that Robinson was an importer and dealer in sugars; that June 27, 1866, the plaintiffs consigned to him for sale a quantity of sugar, a part of which is that in

question; that on the 3d of January, 1867, he sold sixty-four boxes of the sugar to defendants at cash rates; that at the time of sale he did not inform the defendants, who owned the sugars; that there was no agreement except the ordinary one when sugars are bought for cash; that he was then " supposed to be in good credit," although as it subsequently proved he was in fact insolvent; that the check which was received in part-payment was given two or three days before for the check of the defendants for an equal amount, and used by Robinson; that Robinson "had no special orders from plaintiffs as to the mode of selling, but was to sell in the usual way and to hold the proceeds subject to plaintiffs' order."

Robinson, called by the plaintiffs, says " defendants have paid the value of these sugars in cash. Their check, given me at the time I gave them mine, paid for the sugar."

The defendants contend, that in fact the sugars were paid for in cash as testified to by plaintiffs' witness; but the plaintiffs contend that the facts proved show this to be untrue.

The view we have taken of this case renders the discussion of this question unnecessary.

The plaintiffs are residents of Havana, on the island of Cuba; Robinson was, therefore, what is denominated a foreign factor. The case shows that he did not inform the defendants who were the owners of the sugars, and there is no evidence showing that the defendants knew that Robinson was acting in the premises as agent for any one.

The plaintiffs, by suing in this form of action, have acknowledged, or at least affirmed the sale. The property in the sugars passed to the defendants. A payment was made by the defendants for the sugar. The only question is whether the plaintiffs can recover pay again, assuming the payment to have been made as the plaintiffs say it was.

In an early English case, *Rabone* v. *Williams*, 7 T. R. 360, Lord Mansfield, C. J., said, "Where a factor, dealing for a principal, but concealing that principal, delivers goods in his own name, the person contracting with him has a right to consider him, to all intents

and purposes, as the principal; and though the real principal may appear and bring an action upon that contract against the purchaser of the goods, yet that purchaser may set off any claim he may have against the factor in answer to the demand of the principal. This has been long settled."

This doctrine was affirmed in *George* v. *Clagett*, in 7 Term Rep. 359; 3 Smith's Leading Cases, 187. Many other English cases might be cited to the same point. In *Sims* v. *Bond*, 5 B. & Ad. 393, the rule is thus expressed by the C. J.: "It is a well-established rule of law that where a contract, not under seal, is made with an agent in his own name for an undisclosed principal, either the agent or the principal may sue upon it; the defendant, in the latter case, being entitled to be placed in the same situation, at the time of the disclosure of the real principal, as if the agent had been the contracting party."

In a note to the case of *Thomson* v. *Davenport*, found in 2 Smith's Leading Cases, 373, it is said, "Where the agent has contracted for an undisclosed principal, and that principal thinks proper to sue on the contract in his own name, he does so subject to those rights which the defendant might have exercised against the agent at the time of disclosure, had that agent been really a principal." Numerous cases are here cited in favor of the doctrine.

In *Kelley* v. *Munson*, 7 Mass. 319, Sewall, J., in delivering the opinion of the court, says, "Where a factor sells in his own name, being responsible for the price of the goods sold, whether collected or not; or where he sells them to his own creditor where there are mutual dealings, the principal cannot interfere to the prejudice of the party dealing with the factor, without knowledge of his agency, and only the balance if any be due to the factor can be reclaimed by the principal."

In *Ilsley* v. *Merriam*, 7 Cushing, 242, the court remark, "The position taken by the defendant is that Field, the agent, having made the contract in his own name, the name of the principal not being disclosed, the defendant is entitled to be placed in the same situation in all respects, as if Field had been the real party in inter-

est.   Is this a correct view of the law on this point?   There is no doubt that the principal, who thus assumes a contract made by his agent, must take it subject to all the equities that would avail the defendant if the agent were the plaintiff; or, to state the principle in other language, the principal must take therewith all the attendant burdens and subject to all the attendant first counter claims and defense of the other contracting party."

In the case of *Huntington* v. *Knox*, 7 Cush. 371, it is said, "It is now well settled by the authorities, that when the property of one is sold by another as agent, if the principal give notice to the purchaser before payment to pay to himself, and not the agent, the purchaser is bound to pay the principal, subject to any equities of the purchaser against the agent."

Chancellor Kent says, "If, however, the factor should sell in his own name as owner, and not disclose his principal, and act ostensibly as the real and sole owner, the principal may, nevertheless, afterwards bring his action upon the contract against the purchaser; but the latter, if he *bona fide* dealt with the factor as owner, will be entitled to set off any claim he may have against the factor, in answer to the demand of the principal." 2 Kent's Com. 632.

In Smith's Mercantile Law, 140, it is said, "Thus when a factor, dealing for a principal, but concealing that principal, delivers goods in his own name, the person contracting with him has a right to consider him, to all intents and purposes, the principal; and though the real principal may appear and bring an action on that contract against the purchaser of the goods, yet that purchaser may set off any claim he may have against the factor, in answer to the demand of the principal."

In 1 Parsons on Contract, 53, it is said, "In the case of a simple contract, an undisclosed principal may show that the apparent party was his agent, and may put himself in the place of his agent, but not so as to affect injuriously the rights of the other party."

In Chitty on Contracts, 225, it is said, "It would be unjust to permit the principal to interfere and sue the debtor to his prejudice, in those instances in which the debtor had innocently, and in ignorance

of the claim of the principal, dealt with the agent, he being a factor, upon the supposition that he was the principal; a character which he was allowed by his employer to assume by having the possession of the goods, or being intrusted with the *indicia* of property therein. If, therefore, the defendant has credited and acquired a set-off against the agent under such circumstances, before the principal interposed, the latter will be affected and bound by the set-off in the same manner as the agent would be were he the plaintiff on the record."

In Story on Agency, § 419, it is said, " So if the agent has sold goods in his own name, no other person being known as principal, and the agent agrees, at the time of sale, that the vendee might set off against the price a debt due to him by the agent, that set-off will be as good against a suit brought by the principal, as it would be if the suit was brought by the agent for the price."

" The principal is ordinarily entitled to the same remedies against such third persons, in respect to such acts and contracts, as if they were made or done with him personally . . . it will make no difference that the agent may also be entitled to sue upon the contract . . . nor that the third person has dealt with the agent, supposing him to be the sole principal. The only effect of the last consideration is, that the principal will not be permitted to intercept the rights of such third person in regard to the agent; but he must take the contract subject to all equities, in the same way as if the agent were the sole principal. Thus, for example, if the agent is the only known or supposed principal, the person dealing with him will be entitled to the same right of set-off, as if the agent were the true and only principal." § 420.

In Paley on Agency, by Lloyd, 325, it is said, " Moreover, if an agent be permitted to deal as if he were principal, the party dealing with him, and ignorant of his representative character, is entitled to the same rights against him as if he were in fact the principal. So that under these circumstances, he may set off against the demand of the principal a debt due from the factor to himself."

We think the case at bar comes fully within the rule stated by

the foregoing authorities. The report discloses no evidence that the defendants knew or had reason to believe that Robinson was acting in a representative character. 'Robinson says he did not communicate to them the fact that the plaintiffs owned the sugars. This fact is affirmatively stated and proved. In *Baxter* v. *Duren*, 29 Maine, 434, Shepley, C. J., says, "When a person deals with a factor, knowing him to be the agent of some unknown person, the rights of the parties are governed by the rule which prevails when a person, not known to be an agent, deals with another as agent, without disclosing his principal."

Looking at the facts proved in this case, and applying to them these principles of law, we think the defendant is entitled to judgment.

It is quite clear that had the action been brought in the name of the agent, Robinson, as it might have been done, the payment made by the defendants would have afforded a complete defense. There being no satisfactory proof that the defendants knew of his representative character, and it being proved that the agent did not disclose his principal, we think the plaintiffs cannot now come in and avoid the effect of that payment. If a set-off could be now allowed *a fortiori*, a payment made and accepted could be.

Whether being a foreign principal, beyond the seas, and their factor dealing as principal, they can or not sue at all in their own name, where the exclusive credit has been given the agent, we do not find it necessary to decide. It is sufficient for the disposition of this case to say, they cannot put themselves in a better position against these defendants than Robinson, the agent, would have been in had he commenced the action. *Judgment for the defendants.*

APPLETON, C. J.; CUTTING, WALTON, DICKERSON, and BARROWS, JJ., concurred.