State of Mo. to use of Crain, v. Lynn, et al.

————o————

THE STATE OF MISSOURI, to use of HORACE CRAIN, Plaintiff in Error, *vs.* HENRY CLAY LYNN, *et al.*, Defendant in Error.

1. *Justice's Courts—Attachment—Affidavit, amendment after levy.*

In an attachment suit before a justice, that officer would have power to allow the affidavit for attachment to be so amended after the original levy, as to authorize the seizure of property otherwise exempt from attachment, and the amendment would relate back to the date of the original levy.

*Error to Mississippi Circuit Court.*

*J. M. Patterson & L. Houck,* for Plaintiff in Error.

ADAMS, Judge, delivered the opinion of the court.

The only material point raised and discussed here, is whether a justice of the peace during the pendency of an attachment suit before final judgment, can allow the plaintiff in the attachment to file an amended affidavit, and whether such affidavit so amended would relate back so as to justify the officer in making the levy ?

The amended affidavit contained grounds for the attachment which authorized the officer to levy on property otherwise exempt from attachment.

This suit is upon the constable's bond for making a levy on property exempt from execution, and not informing the defendant of his right to select such property, &c. The original affidavit would not have justified the levy.

The proceedings before the justice seem to be regular in all respects.

There was no exception in that suit to the filing of the amended affidavit, nor was there any plea in abatement of the attachment, although the defendant in the attachment was personally served, or appeared by attorney. How can the objection be urged in this collateral action, that the justice improperly allowed an amended affidavit to be filed? I am persuaded that the justice had the power to allow the amendment, and if he had, it certainly would relate back so as to justify the attachment.

Under this view the judgment will be affirmed. The other judges concur.