M. CROCKER, Assignee of OLIVER MARSH *et al.*, Plaintiff in Error, *v.* DAVID S. IRONS *et al.*, Defendants in Error.

### April 4, 1877.

1. The business of a factor, who not only sells for others, but also for himself, furnishes no ground for belief that in any particular case the goods offered by him for sale belong to another.

2. In the absence of circumstances connected with a sale to induce suspicion and put a man of ordinary prudence on inquiry, a factor who does not disclose his principal may be treated as the principal himself.

3. The mere fact that a vendor is a factor does not, in the absence of other facts, tend to show that he is not the real owner of the goods sold.

4. Where a factor sells in his own name, and the purchaser has no knowledge of any other party to the transaction, in the absence of collusion the purchaser may, in an action brought by the principal, set off a debt due him by the factor.

ERROR to St. Louis Circuit Court.

*Affirmed.*

*McComas & McKeighan* and *A. R. Taylor*, for plaintiff in error, cited: Warner *et al. v.* Martin, 11 How; 1 Pars.

on Con., 5th ed., 94–96; Beach v. Forsyth, 14 Barb. 499; Benny v. Rhodes, 18 Mo. 191.

*Ellis & Sullivan*, for defendants in error, cited: Pars. on Con. 78; Dunn v. Wright, 51 Barb. 250; Paley on Ag. 325; 2 Kent's Com. 632; Storey on Sales, sec. 93; Kingsley v. Davis, 104 Mass. 178; Conklin v. Leeds, 58 Ill. 178; Kack v. Willie, 63 Ill. 144; Benning v. Rhodes, 18 Mo. 147; Dallum v. Renshaw, 26 Mo. 535; Caldwell v. Stephens, 57 Mo. 589; Haley v. Merriam, 7 Cush. 242; Chitty on Con. 225; Gardner v. Allen's Admrs., 6 Ala. 189; Baxter v. Duren, 29 Me. 434.

BAKEWELL, J., delivered the opinion of the court.

It appears from the pleadings and evidence in this case that J. L. & R. F. McCormack were commission merchants in St. Louis, dealing exclusively in live stock. The character of their business was well known to the trade, and was that usual to the trade; they sold cattle on commission, and also on their own account.

On June 23, 1875, they owed to defendants, Irons, Cassidy & Co., who were also live-stock commission merchants in St. Louis, about $2,000 on account of a recent trade, and at that date the McCormacks received from Marsh & Overhulz, at Chetopa, Kansas (whose assignee in bankruptcy is plaintiff here), sixty-seven head of cattle to sell on commission. These cattle were at once sent to the stock-yards, and offered there for sale by the regular salesman of the McCormacks. They were then and there bought by defendants, Irons, Cassidy & Co., in the regular course of business. The sale was made at the Pacific Stock-yards; but few words passed. Walton, the salesman of Marsh & Overhulz, asked Cassidy to look at a lot of cattle he had for sale. Cassidy did so, and offered so much a pound; and went off for an hour or two. Watson came after Cassidy and said he could have the cattle; and Cassidy assented, and received the cattle as they walked off the scales. They amounted to $1,175, and defendants gave the McCormacks

credit for that amount. At the time of the sale the McCormacks did not know that the cattle belonged to Marsh & Overhulz, not having received advices from the consignors. Cassidy knew nothing about the ownership of the cattle, except that they were offered for sale by the McCormacks, as above stated. Afterwards Marsh & Overhulz came to St. Louis and demanded payment for the cattle of defendants, which was refused, and this action is commenced by their assignee in bankruptcy.

There is no controversy about the facts; all the witnesses agree.

There was a verdict and judgment for defendants, and plaintiff appealed.

It is a well-settled principle of law that where a factor sells goods in his own name, and the purchaser has no knowledge of any other person being a party to the transaction, in the absence of collusion the purchaser is entitled to regard the debt as due the factor, and may, in a suit brought by the principal, set off a debt due by the factor to himself. *Gardner* v. *Allen*, 6 Ala. 189; *Traub* v. *Millikin*, 57 Me. 63.

In this case, not only were the McCormacks factors and commission merchants, but they frequently sold cattle in their own name. It is claimed by plaintiff that defendants were bound to inquire whether the McCormacks were the real owners of this particular lot; that the fact that they frequently sold cattle for others was enough to put Irons, Cassidy & Co. on inquiry as to this particular lot. We do not think so; the authorities are all to the effect that the mere fact that the vendor is a factor does not, in the absence of other facts, tend to show that he is not the real principal; and there is no evidence whatever in this case that defendants either knew or had good reason to believe that the sellers were not the real principals in this sale. 24 Wend. 463.

Had it been generally known to the trade that the McCormacks never sold except on commission for others, or

had the fact been that the McCormacks were factors for plaintiffs alone, then this case would fall within a class of cases in which the purchaser has not been permitted to off-set an indebtedness of the agent against the claim of the owners of the goods. But the facts are not so; and nothing whatever appears in this case not consistent with the most perfect good faith. Factors, as a class, sell not only for others, but for themselves; and their business, therefore, furnishes no ground for the belief that, in any particular transaction, they are not the real owners of the goods they offer. In the case at bar the McCormacks are shown to have been, and to have been known to the trade to be, not only factors, but also dealers on their own account; and no purchaser, whether their creditor or not, was bound to make inquiry as to whether any particular lot of cattle was their own. The contract shown in evidence was no bargain to pass property for an antecedent debt, as in *Benny* v. *Rhodes*, 18 Mo. 146, 191, but seems to be a sale made in good faith, according to the usages of the trade; and we have no doubt that the judgment, upon the law and facts of the case, was for the right party.

The instructions are numerous and lengthy, and we do not think it necessary to set them out.

The court refused to instruct that, if the jury found from the evidence that defendants knew, or had good reason to believe, that the McCormacks were acting as commission merchants only in the sale of these cattle, defendants could not apply the proceeds to the indebtedness of the McCormacks. This instruction was properly refused, unless it can be declared as a matter of law that the fact that one is a commission merchant and trader is a reason for refusing to treat with him as a principal in any particular transaction he may have. But the law is not so; a factor who does not disclose his principal may be safely treated as the principal himself, unless there is some special circumstance connected with the transaction to induce suspicion and put a

man of ordinary prudence on inquiry. Nothing of the kind is shown in the case at bar.

The judgment of the Circuit Court is affirmed. All the judges concur.