SINGER MANUFACTURING COMPANY, Appellant, *v.* J. M. HUDSON, Respondent.

### June 5, 1877.

1. One who purchases goods at half their value, he having information from which he may know that the factor with whom he deals is acting without authority and in fraud of his principal, takes no title thereto, such a purchase being inconsistent with good faith, and void, and the principal may recover the goods from such pretended vendee.

2. A factor cannot, generally, pledge the goods of his principal for his own liabilities, and is bound to obey the orders of his consignor as to the terms of sale.

3. The error in giving an erroneous instruction is not cured by giving a correct instruction upon the same point.

APPEAL from St. Charles Circuit Court.

*Reversed and remanded.*

SENECA N. TAYLOR and B. B. KINGSBURY, for appellant: An agent cannot pledge the property of his principal for his own debt. — *Benny* v. *Rhodes*, 18 Mo. 147; *Benny* v. *Pegram*, 18 Mo. 191. Where a part of the consideration of a sale is illegal, the sale is void. —*Pelz* v. *Long*, 40 Mo. 532; *Sumner* v. *Summers*, 54 Mo. 340.

MCDEARMON & GAUSS, for respondent,

Bakewell, J., delivered the opinion of the court.

This is an action under the statute, to recover possession of specific personal property. The property claimed was a sewing-machine, valued at $85. There was a verdict and judgment for defendant; and plaintiff appeals.

There was no conflict of testimony on the trial, and the evidence was as follows: Bussler, book-keeper of McKown, general agent of plaintiff at St. Charles, swore that the machine sued for was delivered by McKown to one White, a canvasser for McKown, to sell at the regular retail price, $85; that White had authority to sell only at the regular retail price published in the circulars of plaintiff, with plates and prices attached; and that no sale made by White, under the regular price, was ever ratified. This particular machine was reported by White as sold to one Matthews, of Wright City, and he returned what he falsely represented as Matthews's note in payment for it. Brown, book-keeper of the firm of Brown, Hudson & Co., of which defendant was a member, testified that White represented himself as in the employ of McKown, and placed the machine with defendant's firm as security for goods to be purchased; that White then bought of the firm to the amount of $10.90, which he owed, and then sold the machine to Hudson, the defendant, for $45, White's account due the firm being taken in trade, and Hudson charged with $45, which included the debt due by White to the firm; that the machine was worth $85; that witness had heard White offer to sell the same kind of machine at $50, but he would have to make up the difference to the company. Mrs. Wilsey, the sewing-machine operator at the office of the Singer Manufacturing Company in St. Charles, testified that she went to defendant's house to instruct his wife in the use of the machine; that she told defendant, then, the price of the machine; that he replied that he was going to get it for less; and she then told him that no agent was allowed to sell below the established rates. The defendant swore that he

bought the machine of White, who represented himself as McKown's agent; that he offered $45 for the machine, which White at first said was too great a sacrifice, but at last agreed to sell for that price, his store-account to be taken as part payment.   The regular price of the machine was $85.   Witness did not know whether White had pledged the machine to his firm or not, but was in their store three days before the sale.   This is all the testimony in the case ; and it is clear, as a matter of law, that on this testimony plaintiff was entitled to recover.   The transaction was utterly inconsistent with good faith on the part of the pretended purchaser, who had notice from which, had he not been wilfully blind, he must have known that the factor had no authority to make any such sale of the property of his principal, and was perpetrating a fraud upon his principal in attempting to do so.   A factor cannot pledge the goods of his principal for his own liabilities, and is bound to obey the orders of his consignor as to terms of sale. The purchaser in this case had sufficient notice as to the title of the pretended vendor, and his instructions from his principal, to make good faith impossible.   The pretended sale cannot be sustained.

The court below instructed the jury that " the validity of the sale would not be impaired by the fact that the price paid was below the usual price, and in this respect a violation of the agent's authority, unless it had been proved that the defendant knew at the time that the agent was exceeding the authority of his principal as to the price of the machine, that the agent was, in the sale of the machine, undertaking to defraud his principal, and that defendant had knowledge at the time of the facts."

There was enough here to put the purchaser on his guard. If he did not know, it was because he shut his eyes.   It is enough that the purchase was utterly inconsistent with the most ordinary good faith.   Positive knowledge, in such a case, is not necessary.   Where one might know, and,

from all the circumstances of the case, must have grave suspicions of, the truth, and will not ask a question because he desires to have no exact and positive knowledge, it is as if he did know. We must take the facts as they are disclosed by the record; and, on those facts, the sale was clearly bad. The instruction just set out, given by the court of its own motion, was not warranted by the evidence. It is true that the court, at the instance of plaintiff, gave other instructions correctly declaring that plaintiff ought to recover if defendant believed, or had good reason to believe, that White, in the sale, was endeavoring to defraud his employers. But this did not cure the error, for the instructions were inconsistent, and it is manifest that the jury was misled. The judgment of the Circuit Court is reversed and the cause remanded. All the judges concur.