AMY SIMPKINS, Appellant, v. JOSEPH SIMPKINS, Respondent.

St. Louis Court of Appeals, April, 20, 1886.

1. DIVORCE—APPELLATE PRACTICE.—Appellate courts will not review decrees of divorce unless all the evidence is preserved in the record.

2. —— Decrees of divorce will not be reversed because it appears that the trial court's view of the law upon a particular point in the case was incorrect.

3. —— Appellate courts will not review declarations of law made by the trial court in cases which are subject to review on the facts.

APPEAL from the St. Louis Circuit Court, SHEPARD BARCLAY, Judge.

*Affirmed.*

WILLIAM C. & JAMES C. JONES, for the appellant.

CHARLES F. JOY, for the respondent.

Rombauer, J., delivered the opinion of the court.

The plaintiff filed her petition for a divorce from the defendant, alleging as grounds therefor such indignities on his part as to render her condition intolerable, and the fact that he was guilty of such conduct as to constitute him a vagrant within the meaning of the law respecting vagrants, in this, that being an able bodied man he has neglected and refused to provide for the support of his family.

The defendant, by his answer, denied the facts charged in the plaintiff's petition, and stated, that for more than four years last past the plaintiff without reason or excuse denied him the right of cohabitation with her.

The court, upon hearing of the evidence dismissed the plaintiff's bill, and she appeals.

The entire testimony is not preserved in the record. It simply states that there was evidence introduced tending to prove the allegations of the petition, and to disprove them, and evidence tending to establish the affirmative averment in the defendant's answer.

A reversal of the decree is sought on the ground that the trial court, at the close of the evidence, declared the law to be, that, as the plaintiff had refused to cohabit with the defendant for several years, and had admitted other actions showing her disregard of the defendant's rights and feelings as a husband, she was not an innocent party, and, therefore, the bill would be dismissed.

This declaration forms part of the record. Conceding as the plaintiff claims, that under the authority of *Hoffman v. Hoffman* (43 Mo. 550), the declaration of law thus made was incorrect, and yet we can not see how we can disturb the decree on that ground alone. Actions of divorce are reviewed by appellate courts on the entire testimony. The question is not whether the court took a correct view of certain questions of law arising in the case, but whether all the facts before the court war-

ranted the decree which it rendered. As the burden of proof, in this court, is upon the plaintiff appellant to show that the decree was unwarranted, it was incumbent upon her to preserve all the testimony in the record, so as to enable us to determine whether her complaint in that regard is just, or otherwise agrees, under rule number twenty of this court, as to all facts *established* by the testimony. She has done neither.

This court upon appeal can not review the declarations of law made by the trial court in cases which are subject to review, upon the facts, in this court. *Young v. Coleman*, 43 Mo. 179, 184. The record shows, that the testimony touching the only ground of divorce which is relied on here, namely, the defendant's vagrancy, was conflicting. Whether the trial court properly solved this conflict or not, can not be determined unless the testimony is all before us. In its absence there is nothing to overthrow the *prima facie* presumption of the validity of the decree.

It results that the decree dismissing the bill must be affirmed. All the judges concurring, it is so ordered.