THE WHITE SEWING-MACHINE COMPANY, Appellant, v. TONY BETTING, Respondent.

St. Louis Court of Appeals, October 27, 1891.

1. **Principal and Agent:** LIABILITY OF PURCHASER FROM AGENT. One who purchases goods from an agent, knowing, or having good grounds for believing, that, in selling them, the agent is exceeding his authority and acting in fraud of his principal, obtains no title, but is guilty of a conversion of the goods.

2. **Trover:** DEMAND. When the original taking of goods is tortious, an action for their conversion will lie without any demand for them.

*Appeal from the St. Louis City Circuit Court.*—HON. JACOB KLEIN, Judge.

VOL. 46—27

REVERSED AND REMANDED.

*John A. Gilliam,* for appellant.

There was evidence of Goodwin's agency being special ; also evidence tending to show Betting's knowledge of the limitation of Goodwin's authority ; also that the goods were not bought in the ordinary course of business, all of which should have been submitted to the jury, and Betting had information sufficient to put him upon inquiry.   *Mfg. Co. v. Hudson,* 4 Mo. App. 145 ; *Kaufman v. Beasley,* 54 Tex.  568 ; *Wooters v. Kaufman,* 73 Tex.  395 ; *Tuttle v. Campbell,* 74 Mich. 660 ; *Spaights v. Hawley,* 39 N.  Y.  441 ; Story on Agency [9 Ed.] secs. 133, 131, 165, 170, 437, 229, 231 ; *Fellows v. Wise,* 55 Mo. 413 ; Wells on Replevin, sec. 312 ; *Ech v. Hatcher,* 58 Mo.  235 ; *Schimmelfenich v. Bayard,* 1 Pet. 290 ; *Leavitt v. La Force,* 71 Mo. 354 ; *Meyer v. Blume,* 80 Mo. 184 ; *Mach. Co. v. Warford,* 1 Sweeney, 433.

*C. F. Bauer* and *C. L. Mott,* for respondent.

( 1 )   If an agent is intrusted with the possession of personal property, to sell and account to his principal for the proceeds, and sells it to a *bona fide* purchaser for value without notice,  the purchaser takes a good title. The purchaser's obligations end with his payment, and he is not bound by the private instructions from the principal to the agent ; and the principal is estopped from making any demand upon the purchaser.   It is immaterial whether the article was given to the agent for the purpose of sale,  or whether he borrowed it. *Carmichael v. Buck,* 70 Am. Dec. 226 ; *Dias v. Chickering,* 1 Cent. 479 ; *Jennings v. Gage,* 10 Ill. 610. When the principal puts the agent forward as a general agent, or places him in a position where others are justified in the belief that his powers are general, the

restrictions that may be imposed privately upon the agent will be immaterial except, as between him and the principal, and can have no effect on the rights or remedies of third persons who have no knowledge of the restrictions or limitations upon his apparent authority. *Baker v. Railroad*, 91 Mo. 152 ; *Commercial Co. v. State*, 113 Ind. 331 ; *Towle v. Leavitt*, 23 N. H. 360 ; *Ins. Co. v. Maguire*, 51 Ill. 342 ; *Webster v. Wray*, 17 Neb. 579. (2) The evidence fails to show either an unlawful taking by defendant, or some use or appropriation to his use, indicating a claim of right in opposition to the right of the owner ; or, lastly, a demand made on him. This is fatal. *Bank v. Metcalf*, 40 Mo. App. 494 ; *Nanson v. Jacobs*, 93 Mo. 304.

THOMPSON, J.—This was an action in the nature of trover for a conversion of two sewing machines of the plaintiff's manufacture, called No. 3 White Sewing Machines. There was a trial before a jury, and at the close of the plaintiff's evidence the court instructed the jury that the plaintiff could not recover. The propriety of this ruling is the only question we have to consider.

We are constrained to take a different view of the legal effect of the evidence from that taken by the trial court. It tended to show that the plaintiffs were manufacturers of sewing machines ; that they sold the kind of machines in controversy ( their No. 3 ), at retail in St. Louis at the rate of $50 for cash and $60 on credit ; that the defendant was a dealer in sewing machines in St. Louis, and knew the retail price of this kind of machine ; that one Goodwin was the canvassing agent of the plaintiffs in St. Louis, with authority to sell their machines in St. Louis at the retail price, and to take second-hand machines in exchange for them on certain conditions, and with no other authority ; that the defendant knew that Goodwin was a canvassing agent of the plaintiff ; that, knowing this, he bought from Goodwin the machines in controversy and one

other, also the subject of a controversy,—designated by a witness as "the three machines in dispute,"—for $24 each,—less than half their retail price for cash; that, when Goodwin offered to sell him these machines, he (Goodwin) told him that he was obliged to raise some money; that he needed it, and that he would sell him the machines; and that thereafter defendant obliterated the numbers engraved on the plate attached to each machine, so that the identity of the particular machine could not be traced.

It is not necessary to consider what the rights of the parties would be upon the assumption that the evidence tended no further than to show that Goodwin, having authority to sell, merely exceeded his authority, and that the defendant purchased in good faith without knowing that fact. The evidence would have warranted the jury in finding that the defendant knew that Goodwin had no authority from the plaintiff to sell the machines for $24, and further that he proposed to sell them not for the plaintiffs, his principals who owned them, but to raise money for himself.

This brings the case within the principle which governed the case of *Singer Mfg. Co. v. Hudson*, 4 Mo. App. 145, which is, that one who purchases goods of an agent, knowing or having good grounds for believing that the agent in selling them is exceeding his authority and acting in fraud of his principal, gets no title to them, but is guilty of a conversion of them. This is much more clearly so where he knows, or has good ground for believing, that the agent is selling not for his principal, but to effect some purpose of his own.

II.    There is a further point that no *demand* was proved in this case. The statute (R. S. 1879, sec. 1018; R. S. 1889, sec. 2948) dispenses with a demand in actions for property as well as for money. This statute seems to have been restrained by the supreme court to cases where the original taking or possession was tortious (*Nanson v. Jacob*, 93 Mo. 331); yet on general

principles no demand is necessary where there has been a conversion without it ( *LaFayette Co. Bank v. Metcalf*, 40 Mo. App. 502 ), and especially where the original taking is of such a nature as of itself to amount to a conversion.

The judgment will be reversed, and the cause remanded. All the judges concur.