THE WHITE SEWING MACHINE COMPANY, Respondent, v. TONY BETTING, Appellant.

St. Louis Court of Appeals, March 7, 1893.

Replevin: AFFIDAVIT BY AGENT. An affidavit in an action of replevin, which recites that it is made by the affiant as agent of the plaintiff, sufficiently states the agency.

The White Sewing Machine Co. v. Betting.

*Appeal from the St. Louis City Circuit Court.*—Hon. Jacob Klein, Judge.

Affirmed.

C. F. Bauer and C. L. Mott, for appellant.

John A. Gilliam, for respondent.

Rombauer, P. J.—The plaintiff recovered judgment for possession, and the defendant appeals. The controversy between the parties is touching one number 3 White Sewing Machine, which the plaintiff took from the defendant's possession upon a writ of replevin issued by a justice of the peace. The parties are the same as in the case which was heretofore before us (46 Mo. App. 417), and the evidence adduced in support of the plaintiff's case is substantially the same as in the former action. The difference between the two cases is that this is an action of replevin for one machine, while the former action was one of trover for the conversion of two machines, the machine now in controversy being the third machine mentioned in our former opinion. As we decided on the former appeal that the plaintiff was entitled to go to the jury on the facts disclosed by the evidence, we need only say, without reiterating the facts, that it necessarily follows that we must overrule the defendant's present contention that the judgment rendered against him is not supported by substantial evidence. The trial court made a finding of facts, which under the law as indicated by us heretofore is fully warranted by the evidence preserved in the record.

The defendant's main contention is, that the court erred in not sustaining his motion to dismiss the action for insufficiency of the affidavit annexed to the plaintiff's

statement filed before the justice of the peace. The amended affidavit filed before the justice of the peace, which it was not necessary to refile in the circuit court as it was part of the original files, was as follows: "C. W. Fliedner, as agent of and in behalf of the plaintiff in the above-entitled cause, makes oath and says that to the best of his knowledge and belief the facts and allegations in plaintiff's petition herein, and to which this affidavit is attached, are as contained in said statement just and true." This affidavit was properly verified, and was filed before the justice after a motion to dismiss for insufficiency of the original affidavit had been made, but before a trial of the cause. The justice has clearly authority to permit the amendment. Revised Statutes 1889, sec. 6225; *State to use v. Lynn*, 51 Mo. 114. The defendant claims that the affidavit as amended was insufficient, because it contained the word *as* before the word agent, and hence was not a statement of affiant's agency under oath. This distinction is too refined for the practical application of propositions of law, and finds support nowhere except in some Wisconsin cases, which take an extreme view. *Wiley v. C. Aultman & Co.*, 53 Wis, 560; *Sloan v. Anderson*, 57 Wis. 134. The better reason and weight of authority make it sufficient, if it appear with reasonable certainty from the affidavit or any part of the record that the affiant acted as agent. *Fremont C. Co. v. Fulton*, 103 Ind. 393; *Mandel v. Peet*, 18 Ark. 236; *Murray v. Cone*, 8 Porter (Ala.) 250; *Wetherwax v. Paine*, 2 Mich. 555; Drake on Attachment, sec. 93. Besides it is not necessary that the word *agent* be used, so that the agency appears. *Irwin v. Evans*, 92 Mo. 472. Here the affidavit distinctly states that it was made *on behalf* of plaintiff, which is a positive assertion of agency. Plaintiff is a corporation and had to act by agent.

The defendant also complains that the court erred in admitting and excluding evidence. We have examined the complaint in detail, and find that it is not well founded in those instances wherein the defendant properly saved his exceptions to the rulings of the court. The wholesale price of the machines had no bearing on the controversy. The plaintiff's damages were limited by the value averred in its statement (which was the wholesale price), and the defendant's damages, in case of a finding for him, could not have been increased by showing that the wholesale price was smaller than the retail. As bearing on the question of damages, therefore, that evidence was wholly irrelevant. The defendant does not claim its admissibility for any other purpose. That the court permitted a witness to examine the mutilated slide with a magnifying glass and state the result of his examination, was at most a harmless error, as it appears that the judge trying the facts made his own independent examination upon the trial, and it is not to be supposed that the judge gave any greater weight to the stated result of the examination of the witness than to his own examination by the same process. Other complaints are equally untenable.

We find no error in the record and affirm the judgment. So ordered. All concur.