ALEX. HENDERSON, Appellant, v. L. M. BOTTS, Respondent.

| 56 | 141 |
| 81 | 407 |

| 56 | 141 |
| 100 | 526 |

Kansas City Court of Appeals, January 29, 1894.

1. **Principal and Agent**: CONTRACT: EQUITIES. Where an undisclosed principal undertakes to enforce the contract made with an agent supposed to be the sole principal, he must take the contract subject to all the equities in the same way as if the agent were the sole principal; and if the contract gave the agent no cause of action, the principal can have none.

*Appeal from the Jackson Circuit Court.*—HON. J. D. MCTRIMBLE, Special Judge.

AFFIRMED.

*W. Rea Heath, Jr.,* and *Fyke & Hamilton* for appellant.

(1) The contract, even if made as claimed by defendant, was not within the authority of plaintiff's agent, and he is, therefore, not bound by it. "If the act of the agent substantially varies from, or exceeds, the authority in nature, degree or legal effect it will not bind the principal." 1 Wait's Actions and Defenses, p. 240. (2) There was no consideration for

the agreement claimed by defendant to have been made by plaintiff's agent. Defendant received a beneficial service and should be held to pay therefor, unless when good consideration the payment was discharged. *Wesson v. Horner*, 25 Mo. 81; Lawson on Contracts, art. 101. (3) The agreement made by Styer to buy the colt, if made as claimed by defendant, was within the statute of frauds, and, therefore, constituted no defense to plaintiff's action. (4) The plaintiff could recover on the *quantum meruit* in this case, even if the agent had made the contract for the reason that the contract was an unenforceable one.

*Peak & Ball* for respondent.

(1) Styer undertook to appropriate the service of the stallion to his own use in carrying out his contract with Botts. The service was to his use, not to that of Botts. If the contract was outside of his authority and employment, as contended, Botts was not responsible for that, and Styer, if anybody, owes plaintiff for the service. (2) But suppose the owner could take any advantage of what the agent did, what are his rights? The principal "must take the contract as it exists at the time he interposes, and subject to all the rights which the other party then possesses against the agent." Mechem on Agency, sec. 773, and cases cited; 1 Am. and Eng. Encyclopædia of Law, title, Agency, p. 425, and cases cited. (3) The statute of frauds has nothing to do with the case. (4) No case on *quantum meruit* was brought or proved.

GILL, J.—Samuel Styer had in his charge and possession at his farm, in Jackson county, a stallion; and the defendant, Botts, had a fine mare, which Styer proposed should be bred to the stallion. Botts at first declined to breed the mare, because he preferred her

services for other purposes.   Finally, however, Botts agreed that Styer might breed the mare, on the condition that Botts should be charged nothing for the services of the stallion, and that Styer would pay Botts $100 for the colt at weaning time.   The mare was bred and subsequently had a colt.

Plaintiff Henderson was, in fact, the owner of the stallion, and had entrusted him to Styer to "stand" for the season.   But Botts knew nothing of this; and, trusting to the pretensions of Styer, regarded him (Styer) as the owner of the animal.

Henderson sued Botts for $25, the price of the stallion's services.   The case was tried by the court, without the aid of a jury, resulting in judgment for defendant, and plaintiff appealed.

Judge STORY, in his valuable work on agency, uses this language:   "If the agent has sold goods in his own name, no other person being known as principal, and the agent agrees at the time of the sale that the vendee may set off against the price a debt due to him by the agent, that set-off will be as good against a suit brought by the principal as it would be if the suit was brought by the agent for the price."   Section 419. And, further (sec. 420), the learned author says: "The principal is ordinarily entitled to the same remedies against such third persons, in respect to such acts and contracts, as if they were made or done with him personally,   *   *   *   nor will it make any difference in such cases that the principal at the time of entering into the contract is unknown or unsuspected, nor that the third person has dealt with the agent supposing him to be the sole principal.   The only effect of the last consideration is, *that the principal will not be permitted to intercept the rights of such third person in regard to the agent,* but he must take the contract, *subject to all equities,* in the same way as if the agent were the

sole principal. Thus, for example, if the agent is the only known or supposed principal, the person dealing with him will be entitled to the same right of set-off as if the agent were the true and only principal. But, *subject to these rights* and those of the agent himself, the principal may generally sue upon such contract, in the same manner as if he had personally made it.'' See, also, sections 404, 430. This just doctrine is announced by all the text writers. 2 Kent's Commentaries, 632; 1 Chitty on Contracts [11 Ed.], 306; Wharton on Agency, sec. 465; Ewell's Evans, Agency, 396; Mechem on Agency, sec. 773; *Traub v. Milliken*, 57 Me. 63. A full discussion, with reference to the authorities, will be found in the case last cited.

We think that the enforcement of this rule must give this case to the defendant. Styer had this stallion's services under his charge and control; and though plaintiff's agent, his representative character was concealed and he was held out and dealt with by the defendant as principal. While thus in possession of the horse defendant, in good faith, treated with him as principal and made a contract for the purchase of the stallion's services. And, if the subsequently disclosed principal desires to avail himself of the agent's contract with Botts, the innocent third party, he must take it subject to the equities then existing between such agent and third party. It is clear, then, that as Styer could not maintain this action, neither can the plaintiff.

The judgment is for the right party and will be affirmed. All concur.