MARY P. RHEA, Respondent, v. BUCKLEY CUSTOM SHIRT MANUFACTURING COMPANY, Appellant.

St. Louis Court of Appeals, October 31, 1899.

1. **Statutory Construction:** PLEADING IN JUSTICE'S COURT. Section 6138, Revised Statutes of Missouri 1889, provides that "No formal pleadings upon the part of either plaintiff or defendant shall be required in a justice's court, * * * * the plaintiff shall file the instrument sued on ———."

Rhea v. Mfg. Co.

2. ———: ———: ———: COPY OF INSTRUMENT SUED ON PROMISSORY NOTE: PRACTICE, TRIAL. Where the plaintiff instead of filing the instrument sued on, was permitted to file a copy thereof and the petition as the foundation of the suit, and no objection was made to the filing of a copy in lieu of the original note, it was the note represented by the copy that furnished the foundation of the suit, and not the petition, the petition was not necessary under section 6138,. Revised Statutes of Missouri, and should have been ignored.

3. Agency: KNOWLEDGE OF AGENCY. Actual knowledge that one is the agent of another is not necessary in order to bind a party, but only such knowledge on his part as would cause an ordinarily prudent person to believe such agency exists.

Appeal from the St. Louis City Circuit Court.—*Hon. Pembrook R. Flitcraft,* Judge.

AFFIRMED.

*W. C. & J. C. Jones* and *G. F. Jones* for appellant.

(1) In support of his contention appellant submits three propositions: First, respondent having sought by her petition to recover as the indorsee for value, and all evidence·in the case establishing that her rights of action, if any, were for money loaned by her to appellant, can not recover in this action. Second, that respondent, having entrusted her money to George H. Rhea, Jr., and invested him with the insignia of ownership thereof, and he having dealt with appellant as the owner of the money without disclosing his mere agency, or the fact that he was acting for another, can not recover, if, in good faith, and without knowledge of her right and interest, appellant has paid his note in full to the agent with whom he dealt. Third, that, under the undisputed facts, respondent is estopped to deny the validity of all payments made to her agent. The correct rule applicable to the case at bar is laid down in the case of Baring v. Cory, 2 B. & Ald. 137, which is stated fully in Bernshouse v. Abbott, 46 Am. Rep. 789, and

quotes Chitty on Contracts, page 306, as follows: "Where a principal permits one not known to be an agent to sell as apparent principal, and afterwards intervenes, the buyer is entitled to be placed in the same situation at the time of the disclosure of the actual principal as if the agent had been the actual contracting party; he is entitled to the same defense against the principal, whether it be by common law or statute, as he was entitled to at that time against the agent, the apparent principal." "An undisclosed principal who undertakes to enforce the contract made with an agent supposed to be the sole principal, must take the contract subject to all the equities in the same way as if the agent was the sole principal, and if the contract gave the agent no cause of action, the principal can have none." Henderson v. Botts, 65 Mo. App. 141. (2) "If the note is made to an agent, the principal receiving it by indorsement from such payee will not be in the position of a *bona fide* holder." Randolph on Commercial Paper, page 1482; Neil v. Cummings, 75 Ill. 170; Merrill v. Packer, 80 Ia. 542; Hardy v. Bank, 56 Kan. 492.

*E. F. Stone* respondent.

(1) The petition should show the authority of plaintiff to bring the suit, and when he does not sue as payee, he must show his title to the note. Wilson v. Murphy, 45 Mo. 410. (2) Where the negotiable instrument is supported by a consideration, it is no defense to an action by the indorsee against the maker, that the plaintiff is not a holder for value. "The want of consideration for the transfer by indorsement is a good defense only in an action by the indorsee against his immediate indorser." Tiedeman on Commercial Paper, sec. 154; Middleburg v. Case, 6 Vt. 165; Slane v. Lowry, 48 Ind. 205. (3) So that plaintiff being indorsee it was proper to bring suit as such and to make the necessary allegations to show her title thereto and authority to sue. This action was brought in a justice court. No set-off or counterclaim was filed, as the

statute requires.   Hence all evidence offered or admitted tending to show a claim of defendant against George H. Rhea, Jr., was immaterial and incompetent as against this plaintiff no set-off or counterclaim having been pleaded.   R. S. 1889, sec. 6205; Comfort v. Lyman, 67 Mo. App. 668.  (4) The defendant issued a negotiable instrument and as to the liability of the defendant thereon in the hands of an indorsee or transferee receiving it before maturity it is exempt from all equities between the original parties.   Under the evidence this note passed to plaintiff exempt from all rights of set-off or counterclaim on account of independent transactions between the original parties. These rights of set-off, such as in this case are not "equities" at all.   And the statute of set-off does not in any way apply to negotiable paper, but only to non-negotiable paper.   R. S. 1889, sesc. 8161; Cutler v. Cook, 77 Mo. 388.

BLAND, P. J.—Plaintiff began this suit before a justice of the peace by filing the following petition, together with a copy of the note described in the petition:

"PETITION:

"Mary P. Rhea, Plaintiff,
        v.
Buckley Custom Shirt
Manufacturing Company.
(Corporation), Defendant.

"Before Wm. J. Hanley, Justice of the Peace, Eighth District, City of St. Louis, Mo.

"Plaintiff for cause of action states that defendant is a corporation, duly organized under the laws of the state of Missouri; that on the 7th day of November, 1894, by its negotiable promissory note of that date, by it duly executed at the city of St. Louis, in the state of Missouri, promised for value received, to pay to the order of one George H. Rhea, Jr., July 9, after said date of November 7, 1895, the sum of three hundred ($300) dollars; that thereupon and before the maturity

of said note, said George H. Rhea indorsed the same in writing across the back thereof, and delivered same to plaintiff for value, whereby plaintiff became the owner of said note, and entitled to the payment of the amount mentioned therein, said note is herewith filed and marked Exhibit 'A.'

"Plaintiff states that she is still the owner of said note, and that the same has long since matured and become payable but that no part thereof has ever been paid; wherefore plaintiff prays judgment for the sum of three hundred dollars, together with interest at seven per cent per annum, from the 7th day of November, 1894, the date of said note."

The defense was payment. From the justice's court the cause was taken by appeal to the circuit court, where on a trial *de novo* judgment was recovered by plaintiff, from which defendant duly appealed to this court.

The cause was tried in the circuit court without a jury. No exceptions were taken to the admission or rejection of testimony on the trial. No declarations of law were asked or given, and the case is here for review on the record proper and evidence only.

From the evidence it appears that on July 9, 1894, the respondent had $1,000, which she trusted to her brother Geo. H. Rhea, Jr., to loan at interest for her. Her money was deposited in the Union Trust Company of St. Louis. To enable her brother to effectuate the loan, she drew her check payable to herself on the Union Trust Company, indorsed it in blank, and in this condition delivered it to him; he in turn delivered it to the appellant and took from it its two promissory notes for $500 each, due in six and twelve months, with interest, payable to himself and dated July 9, 1894. The first of these notes was paid at or before maturity to Geo. H. Rhea, Jr., and the money turned over by him to his sister. On November 7, 1894 and before the maturity of the second note, plaintiff asked her brother to see defendant and ask for a payment of $200 on the second note. George went to defendant

and represented to its officers that he had an opportunity to make a profitable investment in some real estate and asked for the payment of $200 on the note, as an accommodation to him. Defendant acceded to the request, paid him the $200 and interest due to date and executed and delivered to him the note in suit. George delivered the $200 to his sister and informed her that he had deposited the $300 note in the Commercial National Bank for her. Afterwards in June, 1895, she went to the bank, found the note there and took possession of it. At no time did George Rhea disclose to the defendant that he was representing his sister in any of his dealings with the appellant in regard to the loan or the payments thereon. In 1892, George H. Rhea was for a time in the employ of defendant as bookkeeper, and from time to time thereafter sold the goods of defendant on commission, and in November, 1894, after the execution of the note in suit he sold some goods for defendant on commission in the city of St. Louis. In January, 1895, under an agreement made with the defendant, he went to the state of Colorado for the purpose of selling its goods on commission, and remained there until the following May. During his stay in Colorado it seems he had poor success in earning commissions, and from time to time drew upon the defendant for money. The defendant honored his drafts, letters and telegrams for money, charging the same against commissions earned and to be earned by Rhea, and against the $300, note not yet due. On March 25, 1895, the sums advanced to him exceeded by several hundred dollars both his commissions and the note, and on that date defendant wrote him, stating the condition of his account, and asking him to send in the note. In answer to this request Rhea answered in part as follows: "Note referred to against the company is intact and in the safe deposit vault, the key to which I have with me. Will willingly return same to you as soon as I can reach it. If you want it at once will return key to my sister and ask her to deliver same to you if the company will allow her to go into

my box.   In any event you may rest assured that you will receive same."

On March 21, 1895, respondent with a telegram from her brother asking a deposit of $20 to his credit in a St. Louis bank, went to defendant and requested it to make the deposit to the credit of her brother.   Defendant's secretary testified that at this time he told plaintiff that Rhea had overdrawn his account and the amount of the $300 note, and that plaintiff made no claim to the note, nor disclosed the fact that the note belonged to her or was in her possession or under her control.   She denied that any such conversation took place.   A few days after the maturity of the note payment was demanded and refused.

Appellant's contention here is, that the respondent sued on one cause of action, and was permitted to recover on another and different one; and second, that she is bound by the payments made to George H. Rhea, Jr., her agent; and third, that under the undisputed evidence the verdict should have been for appellant.

(1)   A plaintiff can not sue upon one cause of action and recover on a different one, though the latter is supported by the evidence.   Chitley by next friend v. Railroad, 48 S. W. Rep. 870.   But this rule has no application to this case.   Section 6138, Revised Statutes of 1889 provides that "no formal pleadings upon the part of either plaintiff or defendant shall be required in a justice's court"   *   *   *   "the plaintiff shall file the instrument sued on."   *   *   *   The plaintiff instead of filing the instrument sued on, was permitted to file a copy thereof and the petition as the foundation of the suit.   No objection was made to the filing of a copy in lieu of the original note.   It was the note (represented by the copy), that furnished the foundation of the suit and not the petition; the latter was not necessary and was unauthorized by the section of the statute, *supra*, and should be ignored.

(2)   If George H. Rhea, Jr., had been the owner of the note, unquestionably the moneys advanced to him would have

been available as an offset or as a payment, in a suit by him on the note. They are likewise available against the respondent if at the times they were made the appellant had no actual knowledge of the agency, nor was possessed of such information thereof, as to have reasonable grounds to believe that George was the agent of his sister. Henderson v. Botts, 56 Mo. App. 141; Mechem on Agency, sec. 773; Peal v. Shepard, 58 Ga. 365; Bernhouse v. Abbott, 46 Am. Rep. 789. There is no evidence that the appellant had actual knowledge of the agency. But such knowledge in the possession of appellant as would cause an ordinary prudent person to believe that George was the agent of his sister, was equivalent to actual knowledge of the agency. Mechem on Agency, 772; Hugan v. Shorb, 24 Wend. 458; Childers v. Brown, 68 Ala. 221; Frame v. Coal Company, 97 Pa. St. 309; Larkin v. Prewitt, 105 N. Y. 394; White Sewing Machine Company v. Betting, 46 Mo. App. 420.

The check of respondent delivered to the appellant on the making or the loan; the known financial standing of George Rhea, Jr.; the improbability that he would have so much as $1,000 to loan were facts known to appellant, and tend to prove that its officers were possessed of such knowledge as to cause them to believe that he was the agent of his sister. The trial court evidently so found, as upon no other theory of the evidence can the verdict be supported. With this finding this court is powerless to interfere, even were it disposed to do so. Waddell v. Williams, 50 Mo. 216; Tucker v. Railroad, 54 Mo. 177; Miller v. Breneke, 83 Mo. 163; Sebree v. Patterson, 92 Mo. 451; Simpkins v. Simpkins, 22 Mo. App. 25; Green's Bank v. Wickham, 23 Mo. App. 663; Zervis v. Understall, 29 Mo. App. 474. It follows that the judgment must be affirmed. All concur.